HARRY BLASSMAN, an Incompetent Person, by BENJAMIN BLASSMAN, His Guardian ad Litem, Respondent, *v.* STATE OF NEW YORK, Appellant.

(Claim No. 25330.)

Argued March 7, 1940; decided April 16, 1940.

*John J. Bennett, Jr., Attorney-General* (*Leon M. Layden, Harold Greenstein* and *Henry Epstein* of counsel), for appellant. There was no negligence upon the part of the

State, its officers, agents and employees. (*Brown* v. *Shyne*, 242 N. Y. 176; *Cullen* v. *State*, 277 N. Y. 541.)

*Stanton Ablett* and *Irving Kass* for respondent. The injury to claimant was the result of the negligence of the State. (*Scalia* v. *State*, 147 Misc. Rep. 622; *Shattuck* v. *State*, 166 Misc. Rep. 271; 254 App. Div. 926; *Wilcove* v. *State*, 146 Misc. Rep. 87; *Martindale* v. *State*, 269 N. Y. 554; *Curley* v. *State*, 148 Misc. Rep. 336; *Daly* v. *State*, 226 App. Div. 154; *Sporza* v. *German Sav. Bank*, 192 N. Y. 8; *Dimitroff* v. *State*, 171 Misc. Rep. 635; *Robertson* v. *Towns Hospital*, 178 App. Div. 285; *Hoff* v. *State*, 279 N. Y. 490.)

LEHMAN, Ch. J. The claimant, an incompetent, was committed to the Rockland State Hospital. While working in the kitchen of the hospital he cut a finger in lifting a garbage can or barrel. The cut became infected, and the injury has resulted in the loss of use of the finger and has caused the claimant great pain. Thereafter he filed a claim against the State in which he alleged that he cut his finger " on a sharp and rusty rim of the barrel " and that the injuries were caused " solely by reason of the carelessness, recklessness and negligence of the State of New York, its officers, agents, servants and employees in negligently providing unsafe, defective and dangerous appliances for the said incompetent to work with and in failing to take the proper precautions to prevent the said injuries to the said incompetent."

At the trial there was sharp conflict between the testimony of the claimant and the testimony of an " assistant cook " employed by the State, who was in charge of the work performed by the claimant and twelve or fifteen other patients in the hospital. The Court of Claims resolved that conflict in favor of the State and dismissed the claim upon the merits. The decision of the Court of Claims included the following findings: (5) That on or about April 15, 1938, between six and seven P. M. of that day, claimant, while lifting a garbage can, suffered a cut on the fifth or little finger of his left hand. (9) That the work which claimant was set to do was work

which he was capable of doing. (10) That claimant has failed to establish that said garbage can was not in good condition. (11) That claimant has failed to establish that said garbage can was rusted. (12) That claimant has failed to establish that the State and its employees had knowledge of the accident at the time it happened or had any information thereof until the day following the day when the accident occurred. (13) That claimant then received proper medical attention. (14) That claimant has failed to establish that said accident was caused and said injuries sustained by reason of the negligence of the State or its employees.

Upon appeal the Appellate Division reversed the judgment of the Court of Claims and directed judgment for the claimant for $1,500. In its order of reversal it reversed findings " 13 " and " 14 " and made new findings as requested by the claimant as follows:

" 14. That the State, acting through its officers, agents, servants and employees, was negligent in failing to provide treatment for the injury, when it was reported by claimant immediately after it was received.

" 15. That the State was negligent in failing to provide medical treatment for the injury promptly and in failing to provide any medical attention until four days after the happening of the accident," and " that Claimant was damaged in the sum of Fifteen Hundred Dollars."

We find no evidence in the record which dictated rejection of the findings made by the Court of Claims or which sustains the new findings of the Appellate Division. The cut was apparently of slight account until in some manner it was infected, and the opinion of the Appellate Division indicates that its decision is based upon the conclusion that the infection was due to the failure of the hospital to apply iodine promptly and to furnish treatment by a physician till several days after the accident. Duty to treat the cut could arise only when the State or its employees had knowledge or notice that an accident had occurred, and the finding of the trial court, fully sustained by the evidence and not reversed by the Appellate Division, establishes that

until the day following the accident the State and its employees had no such knowledge or notice.

The claimant failed to establish that any neglect of the State thereafter caused the infection. Concededly the cut was bandaged and a wet dressing placed upon it, at latest two days after the accident, and the weight of evidence shows that the cut was dressed earlier by an attendant. There is nothing in the record to show that treatment of the cut by the attendant was not in accordance with proper medical practice or that the subsequent condition of the finger was the result of the treatment so given or could have been avoided by treatment which a physician might have ordered.

The judgment of the Appellate Division should be reversed and that of the Court of Claims affirmed.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment accordingly.