CHARLES EASON, an Infant, by EDWARD C. EASON, His Guardian ad Litem, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 30008.)

EDWARD C. EASON, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 30009.)

Third Department, June 13, 1952.

*Laurence V. Benedict* for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *Henry S. Manley* of counsel), for respondent.

Bergan, J. On July 19 and 20, 1948, a State highway maintenance crew near Mariaville dumped three loads of dry grass and other material cut from the shoulders of highways in a pile fifteen to twenty feet long and six to eight feet in width and height. The pile was placed in an open area twenty to twenty-five feet west of the pavement of the road. It is not clear whether the site was on State or private land but it was in a place contiguous to the highway.

In the afternoon of July 20th the crew set fire to the material which burned through the night. The next day about noon the claimant Charles Eason, eleven years old, rode his bicycle through the residual mass of material, fell and was severely burned by a flame which sprang up when he fell.

The judgments of the Court of Claims were for the State dismissing the claims of the boy and his father. The opinion of the Presiding Judge was based on the thesis that as a matter of law the State was not liable and that the infant claimant himself was negligent.

But beyond the legal rationale of decision the court refused to adopt claimants' proposed finding of negligence by the State and absence of contributory negligence by the boy, on both of which points the claimants had the burden of proof, and found on the State's request an absence of negligence on its part and affirmative negligence on the boy's part.

The appellants argue as though all that would be required on the appeal to reverse the judgments would be to show that as a matter of law they could recover, i.e., that the legal reasons expressed in the opinion were wrong. We think they would have to show additionally that, even though a recovery be legally permissible, the factual findings were so much against the weight of evidence as to warrant interference on appeal.

When fact-finding and law-concluding functions rest in the same judicial office, reversal of a decision in this kind of a case based on law and facts is warranted only if both are wrong. The decision of the Court of Claims on the facts is to be treated as the general verdict of a jury.

We might hesitate to say, if the facts had been found favorably to claimants, that there could be no recovery here as a matter of law. There are cases which seem to suggest that the creation of publicly accessible conditions dangerous to children and causing them injury could be found factually to be negligent and warrant recovery.

Examples of this line of authority are *Boylhart* v. *Di Marco & Reimann* (270 N. Y. 217), where steel beams piled insecurely

on a street fell when boys played on them; *Long* v. *City of Dunkirk* (260 N. Y. 599) where the truck carrying a container of hot asphalt was left on a street and a boy climbed on it and burned his hand when he thrust it through the hardened top crust into the hot asphalt beneath; *Collentine* v. *City of New York* (279 N. Y. 119), where a boy playing on a roof of a building in a park tripped over projecting iron rods left from a previous roof, fell fifteen feet into an areaway and was injured. *Mysliwiec* v. *Lowenthal Co.* (280 App. Div. 852), decided at this term, where a boy was injured playing on bales of waste material left on a public street follows the same general pattern.

But within the area in which it would be permissible to find negligence as a matter of law the question is here an open one whether on the facts the State's maintenance crew was negligent in relation to the occurrence of this accident. And in this area, until a point is reached at which a determination is to be regarded as against the weight of evidence, the question is open to the free evaluation of the trier of the facts.

Even with facts undisputed, or deemed as they are here to be most favorable to appellants, the power of evaluating them as constituting or not constituting negligence rests with the judge who tries the facts or the jury, as the case may be.

If the law is assumed to be what appellants say it is, we would not regard a general verdict of a jury adverse to them as against the weight of evidence and the fact findings of the Court of Claims must be viewed by us in the same way. The power this court has to make new and different factual findings does not arise until the findings reviewed are deemed to be against the weight of the evidence.

There are circumstances where the legal and factual views of a court might be so tightly bound up together and so solidly integrated as to require a new trial if the legal reasoning were unsound; and such a case would be similar to an erroneous legal instruction to a jury regarded as important enough to affect the verdict. But here we do not think the Court of Claims was bound on this record to find that this accident occurred through the negligence of the State or without the negligence of the infant claimant.

The judgments appealed from should be affirmed, without costs.

Foster, P. J., Heffernan, Brewster and Coon, JJ., concur.

Judgments affirmed, without costs.