GERTRUDE BASKEVICH, et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 37879.) — Judgment unanimously reversed on the law and facts, with costs, and judgment directed in favor of claimant, Gertrude Baskevich, in the sum of $6,000 and in favor of claimant Zigmont Baskevich, in the sum of $2,500. Certain findings of fact and conclusions of law disapproved and new findings and conclusions made. Memorandum: Claimant wife was injured when a tread on a flight of stairs maintained by respondent collapsed as a result of its decayed and deteriorated condition. The stairs ostensibly had been inspected by employees of respondent some six months before the accident. These facts were found by the trial court. The conclusion is irresistible that an adequate inspection would have disclosed the dangerous condition of the wooden stair tread. The contrary finding that the State was not negligent is against the weight of the credible evidence. (*Eason* v. *State of New York,* 280 App. Div. 358.) The trial court made detailed findings as to the nature and extent of the damages sustained by claimants. We see no reason to remand the case for fixation of their monetary damages. (Cf. Court of Claims Act, § 24; *Blassman* v. *State of New York,* 258 App. Div. 365, 367, revd. on other grounds 282 N. Y. 522.) We find claimant wife sustained damage of $6,000 and claimant husband sustained damage of $2,500. (Appeal from judgment of Court of Claims dismissing the claim on the merits.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT L. VERSTREATE, Appellant.— Judgment unanimously affirmed. Memorandum: The questions presented may not be raised upon a direct appeal from a judgment of conviction. (Appeal from judgment of Monroe County Court convicting defendant of grand larceny, second degree.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

ROSE M. SHERRY, Individually and as Guardian ad Litem of DEBORAH SHERRY, an Infant, Appellant, v. OKLA BELMONT, Respondent.— Judgment insofar as it awards the infant the sum of $500, and the order, unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event, unless the defendant shall, within 10 days, stipulate to increase the verdict to the sum of $2,000, as of the date of the rendition thereof, in which event that portion of the judgment is modified accordingly and, as so modified is, together with the order, affirmed, and the judgment and order in all other respects affirmed. Memorandum: The award of $500 to the infant is inadequate. (Appeal from judgment of Niagara Trial Term for plaintiff in an automobile negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Goldman, Noonan and Del Vecchio, JJ.

ELIZABETH V. SPARR, Respondent, v. EMIL S. SPARR, Appellant.— Order unanimously affirmed, with costs to respondent. If either party moves for a preference of the trial of the action, such motion should be granted. (Appeal from order of Monroe Special Term, which granted plaintiff's motion for alimony.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

In the Matter of RAYMOND V. McFARLAND, an Attorney.— Resignation accepted and name stricken from roll of attorneys.