■ RONALD P. BENNETT et al., as Executors of JANE V. BENNETT, Also Known as JANE V. B. THOMAS, Deceased, Respondents, v. JAMES THOMAS, Appellant. (Appeal No. 2.) — Order affirmed. Same memorandum as in Bennett v. Thomas (38 A D 2d 682) decided herewith. All concur, Witmer, J., in result only. (Appeal from order of Erie Special Term denying motion to dismiss complaint, without prejudice.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.

■ ALAN SAN GIACOMO, an Infant, by His Father, SAMUEL J. SAN GIACOMO, et al., Appellants, v. STATE OF NEW YORK, Respondent.— Judgment unanimously affirmed, without costs. Memorandum: Claimant alleges that the State was negligent in failing to warn against and remove rocks, stones and boulders from the swimming area of Delta Lake where he was injured when he fell into the lake striking rocks at the lake bottom. The trial court found that the accident occurred in shallow water, and that there were no rocks or stones in the area that would be of danger to a person utilizing the swimming area. Claimant, two of his companions and an attorney, who was at the scene of the accident, testified that there were rocks in the swimming area. The life guard in charge was a college student, who impressed the trial court as being a careful, particularly honest and unbiased witness. He testified that in forcing a stretcher under claimant, marks were made in the sand bottom which were there when he examined the area about 15 minutes later. He examined an area for a radius of 15 feet from the spot where the accident occurred, both visually and feeling around, and found nothing but sand bottom. Another life guard testified that he observed from the center guard chair that the accident took place about 25 to 30 feet into the water and 17 to 20 feet from the buoys. He and another guard walked into the water, looked over the whole area and found absolutely nothing. The area had been kept clear of people after the accident. The following morning four life guards searched the entire area, using face masks and found nothing. The Trial Judge had the advantage of seeing the witnesses and hearing their testimony. His evaluation of the testimony is entitled to as much respect as we accord to the finding of a jury. "The decision of the Court of Claims on the facts is to be treated as the general verdict of a jury. * * * The power this court has to make new and different factual findings does not arise until the findings reviewed are deemed to be against the weight of the evidence." (Eason v. State of New York, 280 App. Div. 358, 359, 360). Although the trial court did not decide whether the claimant tripped and fell or dived into the water, in our opinion the finding that the State was free from negligence is not against the weight of the evidence and the judgment should be affirmed. (Appeal from judgment of Court of Claims in claim for damages for personal injuries.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.