■ JOHNSON, DRAKE & PIPER, INCORPORATED, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 48874.)—Appeal by claimant from a judgment of the Court of Claims, entered October 24, 1974, which dismissed causes of action first through sixth of the claim herein, except for certain awards made with respect to parts of the second, fourth, and fifth causes of action totaling $16,657.07, interest thereon and interest on the amount of the previously severed seventh cause of action. In the fall of 1961, claimant entered into a contract with the State of New York for the construction of a portion of the new Van Wyck Expressway and its interchange with the existing Long Island Expressway. Included in the work specifications were the erection of an elevated viaduct on bridge piers to cross over the Long Island Expressway and the construction of various ramps, service roads and drainage lines, and claimant completed the project to the apparent satisfac-

tion of the State. On this appeal, however; claimant contends that the State increased the cost of completion through various breaches and, therefore, it seeks moneys in addition to the amounts set forth in the itemized contract payment schedules. Although numerous grounds for additional payments were asserted in the lower court, here claimant focuses principally on only three, namely: that the work specifications misrepresented the depths to which piles supporting the bridge piers would have to be driven; that the State implied that the necessary cofferdams could be built at a cost of $176,000 by refusing to accept bids therefor in excess of that amount; and that the State unreasonably ordered acceleration of the construction, thereby disrupting the sequence of the work and increasing its cost. With regard to the depths to which the piles were ultimately driven, there were concededly substantial overruns from the work specifications. However, claimant has already been compensated for the increased footage at the unit price of $4.50 per foot as provided in the contract. Moreover, prior to the submission of its bid, claimant made only the most cursory examination of the project site and of information relative thereto readily available from the State and, thus, exhibited an attitude of complete indifference toward its contractual obligation to base its proposal upon information gained from "personal investigation and research and not from the estimates or records" of the State (cf. *Johnson, Drake & Piper v State of New York,* 31 AD2d 980; *Johnson, Drake & Piper v New York State Thruway Auth.,* 22 AD2d 321). As for the use of the dynamic formula technique for determining the depths to which the piles were to be driven, claimant was put on notice by the work specifications that this technique was to be utilized and, consequently, even if its use did result in longer piles than would static load tests, claimant's bid should have been adjusted accordingly. The remaining grounds for relief relied upon by claimant are likewise without merit. Assuming *arguendo* that the State did imply that the cofferdams could be built for $176,000, claimant did not prove that construction at such a cost was impossible, and, furthermore, there is ample support in the record for the lower court's decision that claimant's own errors in cofferdam design, especially its selection of inadequate sheeting, caused the lost time and unanticipated costs of dam construction. Similarly, in its attempt to accelerate the work, the State was merely seeking the completion of the project on the agreed upon date and, again, numerous instances in the record support the lower court's determination that the delays and the need to accelerate were the fault of claimant. Finally, we would note that, as trier of both the law and the facts, the lower court was entitled to rely upon the claim analysis prepared by the State's project designer and consultant, Tippetts-Abbett-McCarthy-Stratten, to the extent that it deemed justified in reaching its decision, and it specifically informed the attorneys for both parties on the record that it would disregard any objectionable material contained therein. Judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.