MERRITT-CHAPMAN & SCOTT CORPORATION AND MOUNT VERNON CONTRACTING CORPORATION, a Joint Venture, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 49660.)

Third Department, September 23, 1976

*Louis J. Lefkowitz, Attorney-General (Richard J. Dorsey and Ruth Kessler Toch of counsel), for appellant-respondent.*

*Jarvis, Pilz, Buckley & Treacy, Scapolito & Solinger and Jerome Beaudrias (Walter B. Solinger, II, and Carl E. Buckley of counsel), for respondent-appellant.*

*Per Curiam.* In December, 1961 claimant, a joint venture of two corporations, entered into a contract with the State of New York for the construction and reconstruction of portions of Grand Central Parkway and Interstate Route 514 in the Borough of Queens, New York City. The contract required completion by October 30, 1963. The State notified claimant to proceed on December 29, 1961. In the early part of 1962 claimant fell behind its own schedule for the completion of the work. In the spring of 1962, the State requested claimant to make greater progress, and urged claimant to start work on

the main interchange between Grand Central Parkway and the Long Island Expressway, which was a key to shifting traffic at the end of stage 1 of the project. In the summer of 1962 claimant continued behind schedule and was not achieving the percentage of work necessary to complete the contract work on time. In June, 1962 the State directed claimant to increase its working force in order to complete the project by the agreed completion date. The Grand Central Parkway section covered by the contract ran directly through the site of the World's Fair scheduled to open in April, 1964. The contract required claimant to construct pedestrian bridges to provide access to and from different parts of the fairgrounds. In July, 1962 the then State Department of Public Works held a meeting in Albany with claimant and various other contractors on World's Fair highway projects and advised them the highway work must be completed for the opening of the fair in 1964. At another meeting held on August 31, 1962, the Department of Public Works notified claimant the contract work must be completed by the time specified in the contract. The project was not finished by the October 30, 1963 completion date. The State eventually granted four extensions of time to complete, all without engineering changes; first to December 31, 1963, second to April 15, 1964, third to May 15, 1964 and fourth and last to September 11, 1964. Claimant substantially completed the project by December 31, 1963 when the project was opened to traffic. Claimant last worked on the project on September 14, 1964. The State accepted the project by letter dated October 29, 1964.

Claimant filed a claim for over $7,000,000 containing 39 claims or causes of action. The first cause of action, which sought recovery of a balance conceded to be due on the contract, was severed and judgment for claimant was entered thereon on September 9, 1968. The judgment in the severed action reserved to this action the cause of action for interest on the severed cause of action. The second cause of action alleged the State delayed claimant and interfered with its performance of the contract, and that the State's alleged delays, interference and alleged acceleration orders constituted not only a breach of contract by the State, but actually constituted a total abrogation of the contract, and therefore, claimant should be reimbursed for the contract it actually performed on a *quantum meruit* basis. The third and subsequent causes of action were alleged in the alternative to the

second claim, repeated various allegations of breach of contract by the State and sought damages for various items of contract performance.

On the first cause of action for interest on the severed claim, the court awarded $6,652.66 to claimant with statutory interest from July 18, 1968. The court dismissed the second cause of action because it rejected claimant's proof of damages therefor. The court found that the State was guilty of inordinate delays which forced claimant to progress the project out of sequence and that in 1962 the State should have granted claimant an extension of one additional construction season, and that the State's failure or refusal to grant an extension was an improper interference with claimant's contract work and constituted a breach of contract by the State. The court dismissed the twentieth, twenty-sixth, twenty-eighth and thirty-second causes of action. The thirty-ninth cause of action was withdrawn. On the remaining causes of action (exclusive of the first cause of action) the court awarded claimant $2,888,026.60 for all other damages, with interest thereon. Judgment in favor of claimant for $3,836,729.51 was entered on July 11, 1974. The State appealed from each and every part of the judgment upon both the law and facts. Claimant appealed upon both the law and facts from so much of the judgment which disallowed a portion of the period in computing the award of interest on the first cause of action and which disallowed a portion of recovery sought in the twenty-fourth cause of action, and which denied recovery on the second, fourth, fifth, twentieth, twenty-sixth and thirty-second causes of action. Although both the State and claimant appealed from that part of the judgment for interest on the first cause of action, neither party pressed this point on appeal. In any event, we have examined the matter of interest on the first cause of action and find no reason to disturb the decision of the court thereon. Although both the State and claimant submitted proposed findings of fact, the court elected not to mark them and stated that the essential facts and conclusions were embodied in its decision.

On this appeal, the State claims the court erred in finding that the State broke the contract by delays and interference with claimant in the performance of the contract and that in the summer of 1962 the State should have granted claimant an extension of time to complete the contract of one additional construction season and that failure or refusal to grant

the extension constituted an acceleration. We agree. On appeal, claimant asserts the judgment should be affirmed in all respects favorable to claimant on the ground the State was guilty of breach of contract and claims additional damages of $16,206.05 on its twenty-fourth cause of action and $3,019,487.76 on the fourth, fifth, twentieth and twenty-sixth causes of action, or in the alternative to damages for $6,342,230.56 in *quantum meruit* on the second cause of action because of the State's alleged breach of contract. We disagree with claimant's contentions.

The findings set forth in its decision that the State caused inordinate delay by the summer of 1962 which entitled claimant to an extension of time to perform the contract of an additional construction season and which amounted to an interference with claimant's performance and constituted a breach of contract on the part of the State is against the weight of evidence and is not substantiated by the record *(Giacomo v State of New York,* 38 AD2d 683; *Eason v State of New York,* 280 App Div 358). We find that the State was not guilty of any delays in the inspection and approval of plans for major girders and beams which delayed claimant in obtaining structural steel from its fabricator. The State inspected and returned to claimant the submitted drawings well within the contractually agreed period. The court confused the formal stamping of approval on the original tracing of the approved drawings with the State's approval of the drawings for purposes of fabrication. The stamp of approval on the original tracing of the drawing was made for record purposes only and had no connection with approval by the State-authorized fabrication. The claimant had the initiative when to process the original tracings for formal stamping. Claimant's attempt to establish the date of the formal stamping of the original tracing as the date of approval for purposes of fabrication was misleading, unfounded and contrary to the procedure for approval of drawings.

Claimant broke a 12-inch live water main during the excavation for structure 11. Claimant asserts and the court found this water main was shown as "dead" on the contract plans, that the main had to be by-passed to keep it in service and this caused claimant delay. This finding is against the weight of evidence and must be set aside. The contract plans call for relocation of this water line. If claimant had relocated this

water main as required by the contract before he started excavating, it would have avoided this delay.

We have examined all of claimant's claims of delays by the State or delays for which claimant asserts the State is liable and find them to be without merit. No useful purpose will be served in enumerating them herein. Claimant experienced numerous delays, but these were caused by claimant's ineptness and lack of diligence, particularly in the early stages of the project, and delays caused by actions of third parties over whom the State had no control and for whose conduct the State is not and cannot be held liable. We find that the State did not accelerate performance of the project in the summer of 1962 or thereafter. The State was seeking the completion of the project on the agreed date specified in the contract. The State cannot be held liable for breach of contract because it urges completion of the contract by the agreed completion date *(Johnson, Drake & Piper v State of New York,* 49 AD2d 776). We note that claimant made no formal application for an extension of time in the summer of 1962 when claimant asserts an extension was warranted. The State did grant four extensions of time to complete the contract near and after the original completion date. We find no basis for imposing liability on the State for breach of contract because of an alleged acceleration in the summer of 1962 because the State granted extensions in late 1963 and 1964 and without engineering costs. The State concedes liability for $59,043.59 on causes of action numbered third, eighth, tenth, twenty-fourth, thirty-six and thirty-seven, largely for disputed quantity items. The judgment must be modified by reducing the award of $2,888,026.60 for all other damages (excluding the award for interest on the first claim) to $59,043.59, with appropriate interest.

The findings of the court that the State was guilty of breach of contract because of inordinate delays which entitled claimant in the summer of 1962 to an extension of one additional construction season and the State's failure to grant an extension was an improper interference with claimant's contract are set aside. New findings are made that the State was not guilty of a breach of contract as the State did not cause claimant undue delays; the delays experienced by claimant were caused by its own ineptness, inexperience in road construction, delays inherent in this complex construction project which were assumed by claimant under the terms of the

contract and by third parties for whom the State was not liable.

The judgment should be modified, on the law and the facts, by reducing the recovery of the sum of $2,888,026.60 for all damages, except interest on the first cause of action, to $59,043.59 with appropriate interest, and, as so modified, affirmed, without costs, and matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., KANE, MAHONEY, MAIN and REYNOLDS, JJ., concur.

Judgment modified, on the law and the facts, by reducing the recovery of the sum of $2,888,026.60 for all damages, except interest on the first cause of action, to $59,043.59 with appropriate interest, and, as so modified, affirmed, without costs, and matter remitted for further proceedings not inconsistent herewith.