OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, without costs, and the interlocutory judgment of the Court of Claims reinstated.
 

 Having waived its sovereign immunity, the State is subject to the same rules of liability as apply to private citizens (Court of Claims Act, § 8). As a landowner, the State “ ‘must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk’ ”
 
 (Basso v Miller,
 
 40 NY2d 233, 241, quoting
 
 Smith v Arbaugh’s Rest.,
 
 469 F2d 97, 100).
 

 Claimant was injured when he tripped and cut his leg while wading in a small lagoon adjacent to an island owned by the State. The State had specifically reserved this area for swimming only. On the beach, it had provided picnic tables and benches, brick barbecue pits, trash cans, and outhouses. Claimant’s accident was caused by a rusty, jagged pipe imbedded in concrete and rising to within two inches of the water’s surface. Evidence at trial established that the pipe had been in place in the same condition for at least four years.
 

 Under the circumstances, the State had a duty either to inspect and remove hazards from the water or to give warnings that the waters were used at the swimmer’s risk. This does not require the State to scrutinize every square foot of riverbed and lakebottom that it owns. Mere ownership does not give rise to the duty, but inviting the public to swim there does. Obviously, an individual who bathes in a State lake in a primitive area of the Adirondacks cannot expect the State to have “sanitized” the area for safe public use. Also, in areas where the public has been invited to
 
 *999
 
 swim, this does not make the State an insurer, liable for every injury no matter the nature of the hazard or how long it has been in place. There must be some proof that the potential danger reasonably could have been neutralized and that its existence was or should have been discovered by the State (see
 
 Oppel v City of Long Beach,
 
 262 App Div 777, affd 288 NY 633).
 

 There is no question that the State never inspected the lagoon where claimant was injured nor posted any warning signs. Claimant’s accident was a foreseeable consequence of these omissions, and there is nothing to suggest that claimant, who was 10 years old when the accident occurred, was conducting himself in an unreasonable manner. Thus, the trial court did not err in finding the State liable for claimant’s injuries.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order reversed, without costs, and the interlocutory judgment of the Court of Claims reinstated in a memorandum.