■ HELEN MONTAG, Appellant, v YOUNG MEN'S CHRISTIAN ASSOCIATION OF ONEIDA COUNTY, Respondent. — Judgment unanimously reversed, with costs, on the law and facts, motion denied and judgment granted in favor of plaintiff in the sum of $50,000, in accordance with the jury's findings. Memorandum: Plaintiff instituted this action to recover for physical and emotional injuries sustained as the result of an attack upon her by

an unidentified male assailant in the women's locker room at the YMCA in Utica. The case was tried to a jury but, while the jury was deliberating, the court granted defendant's motion to dismiss the complaint, finding as a matter of law that plaintiff had failed to establish foreseeability or the existence of a duty owed by the defendant. The court then, without objection by the defendant, permitted the jury to continue its deliberations and entered its findings on special interrogatories in the record. The jury awarded plaintiff $50,000 based on its unanimous findings that (1) the plaintiff had been assaulted and injured; (2) defendant was negligent in providing or maintaining security in the women's section of its premises; (3) defendant's negligence was the proximate cause of plaintiff's injuries and (4) plaintiff was entitled to $6,245 in medical expenses and lost wages and $43,755 for pain and suffering. The court then stated that if the appellate court disagreed with him on the law, it could enter judgment on the jury's findings. We do so.

The duty owed by the YMCA to plaintiff is that of a landowner who must maintain his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk (see *Preston v State of New York,* 59 NY2d 997; *Basso v Miller,* 40 NY2d 233, 241). "Under this standard, a landlord has a duty to maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion upon tenants" (*Miller v State of New York,* 62 NY2d 506, 513). The evidence indicates that defendant was aware of the need for security and instituted security measures for the protection of persons using the women's locker facilities. The entrance to the stairway to the women's locker room was kept locked and a member was permitted access only by pressing a buzzer. There was a security desk staffed by a YMCA employee directly outside the entrance to the locker room but, at the time of the assault, the employee was absent from her post. The factual circumstances are thus analogous to those in *Nallan v Helmsley-Spear, Inc.* (50 NY2d 507) in which plaintiff was shot in the back by an unknown assailant while signing a guest register in the lobby of defendant's office building. In remitting for a new trial, the Court of Appeals said (p 520) that defendant could be held liable if the jury found the landlord knew or should have known of prior crimes in the building but failed to provide adequate security or "even if the jury concluded that the provision of a part-time attendant would suffice to fulfill defendants' obligation, it might still have found negligence under a *respondeat superior* theory if it concluded that the attendant employed

failed to exercise due care in the performance of his assigned responsibilities".

Similarly, the jury here could have inferred that defendant was aware of the potential risk to members using the women's locker facilities if the facility were left unattended and, inasmuch as defendant undertook to provide security, that it was negligent in that its attendant failed to exercise the due care required under the circumstances. There was thus sufficient evidence from which the jury could have found the defendant negligent and the court erred in dismissing the complaint.

Although the court was premature in granting defendant's motion while the jury was still deliberating, the court obviously intended that it be treated as a postverdict motion and that the jury's answers to the interrogatories be treated as a verdict. We therefore regard them as such, reverse the judgment and reinstate the jury's verdict.

Although defendant argues that the amount of damages awarded by the jury was excessive, defendant is precluded from raising that issue on appeal because it was not an aggrieved party. The defendant may now, if it be so advised, challenge the size of the award by motion at Trial Term. (Appeal from judgment of Supreme Court, Oneida County, Sullivan, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.