■ JAMES D. CRAMER, JR., Respondent, v HOWARD W. HENDERSON et al., Defendants, and NEW YORK STATE ELECTRIC AND GAS, Appellant. (Appeal No. 1.)—Amended order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff was injured when he was struck on the head by a falling rock while walking away from a swimming hole on property allegedly owned by defendants New York State Electric and Gas (NYSEG) and Howard and Elwin Henderson. Special Term properly denied summary judgment to the landowners on the ground that they were not exempted from owing plaintiff a "duty to keep the premises safe for entry or use by others for * * * hiking" (General Obligations Law § 9-103 [1] [a]). At the time plaintiff was injured he was walking, but not hiking as the latter term is commonly understood *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 232). Plaintiff's actions at the time of the accident were sufficiently related and incidental to swimming *(see, Sega v State of New York,* 60 NY2d 183, 193; *Curtiss v County of Chemung,* 78 AD2d 908, 909). Since swimming is not an activity enumerated in General Obligations Law § 9-103 (1) (a), the recreational use statute does not apply and liability of the landowners will depend upon whether they breached a duty of reasonable care to the plaintiff *(see, Jac-*

*ques v Village of Lake Placid,* 39 AD2d 163, *affd* 32 NY2d 739).

We modify, however, by granting that portion of NYSEG's motion for summary judgment seeking dismissal of plaintiff's second cause of action alleging NYSEG acted "willfully, wantonly and maliciously". There is no issue of fact presented to support this claim. The uncontroverted evidence submitted in support of the motion established that NYSEG was unaware that anyone used its property for hiking or swimming or that any accidents involving these activities had previously occurred on the premises. (Appeal from amended order of Supreme Court, Yates County, Scudder, J.—summary judgment.) Present—Dillon, P. J., Doerr, Denman, Green and Schnepp, JJ.