■ Richard Johnston, Individually and as Administrator of the Estate of Dennis Johnston, Deceased, Respondent, v State of New York, Appellant. (Claim No. 65693.)—Judgments unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Decedent and three college friends were walking along the beach in the Devil's Nose area of Hamlin Beach State Park, an area prohibited to patrons, when a landslide occurred without warning. Decedent was completely buried and his faint cries for help were heard by his friends for 10 to 20 minutes. He was uncovered after 20 minutes, and efforts to revive him failed. Decedent's father filed a claim against the State alleging that the State was negligent in failing to adopt and enforce regulations for the care, supervision and safety of visitors at the park and in failing to warn of dangerous conditions. As a landowner, the State is subject to the same rules of liability as a private citizen and must act reasonably in view of all the circumstances *(Preston v State of New York,*

59 NY2d 997, 998; *see also, Basso v Miller,* 40 NY2d 233, 241). There was a sizeable sign (6 feet, 4 inches by 5 feet) which said "Danger—patrons prohibited beyond this point" 2 to 3 feet to the left of a path leading to the area where the accident occurred. A paved path continued into the Devil's Nose area for 50 to 75 yards beyond the sign and the path was not blocked in a substantial way. The park staff knew both that patrons disregarded the sign and that the bank where the landslide occurred was unstable. The court did not err in finding that the State failed in its duty to use reasonable care, and that its negligence was a proximate cause of the accident *(see, Mesick v State of New York,* 118 AD2d 214, *lv denied* 68 NY2d 611). The court did err, however, in finding that the State's negligence was the sole cause of the accident. We find that by ignoring the sign and proceeding into an area prohibited to patrons, decedent was comparatively negligent, to the extent that he was 50% responsible for the accident. It is irrelevant that decedent's friends testified that they saw no sign. The proof was that the sign was in place, without proof of any obstructions, and decedent was bound to see what by the proper use of his senses he might have seen *(Weigand v United Traction Co.,* 221 NY 39, 42). The court's award of $250,000 for conscious pain and suffering was within reasonable bounds *(see, Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126, 138). Based on decedent's comparative negligence, the award is reduced to $125,000. (Appeal from judgments of Court of Claims, Quigley, J.—negligence.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.