■ FREDERIC FRONTZ, Individually and as Administrator of the Estate of CYNTHIA FRONTZ, Deceased, Appellant, v STATE OF NEW YORK, Respondent.—Mercure, J. Appeal from a judgment in favor of the State, entered September 21, 1987, upon a decision of the Court of Claims (Hanifin, J.).

Claimant's wife, Cynthia Frontz (hereinafter decedent), died as a result of injuries sustained when she was tragically hit on the head by a 16-pound rock while sightseeing at Watkins Glen State Park in Schuyler County. Claimant commenced this action to recover for decedent's injuries, wrongful death and loss of consortium resulting from the State's alleged negligence in failing to take appropriate action to prevent the accident. Following trial, the Court of Claims found that the State was not negligent and dismissed the claim. Claimant appeals. Since we conclude that the finding that the State was free from negligence is not against the weight of the evidence (see, San Giacomo v State of New York, 38 AD2d 683), we affirm.

The primary attraction of Watkins Glen State Park is a glacially created gorge that runs the length of the park, between two cliffs. Three major trails traverse the park: the Gorge Trail runs along the bottom of the gorge, and the Indian Trail and South Rim Trail each run along or generally parallel to the top of the northern and southern cliffs, respectively. Decedent and her family were on the Gorge Trail and had paused to take pictures at a point approximately 24 feet distant from the base of the northern cliff when decedent was struck by the rock. The uncontroverted evidence was that the rock had been thrown, assumedly by youths, from the top of

the northern cliff, some 68 feet above the gorge. Access to the point from which the rock was thrown could be gained only by leaving the Indian Trail and following a steep narrow cut, referred to as an unrecorded trail, which zigzagged approximately 80 feet from the Indian Trail to the top of the cliff.

The evidence at trial showed that at the main entrance to the park, used by decedent and her family, a sign read "WARNING—PROCEED WITH CAUTION—STAY ON MAIN TRAILS—KEEP AWAY FROM CLIFF EDGE—BEWARE OF FALLING ROCKS AND LOOSE STONE ON TRAIL". In addition, signs posted at each entry point or crossover on the upper trails, including the Indian Trail, contained the additional warning: "PEOPLE ON TRAIL BELOW—DO NOT THROW OR KICK STONES". The park was manned at the time of the accident by a park police officer and two park and recreation assistants, who patrolled the trails and enforced park rules and regulations, including the rule that patrons must stay on the main trails at all times. The evidence also showed that, although falling or thrown rocks had been a problem in some areas, there was no recorded incident of a patron ever having been hit by a rock in the immediate area where decedent was struck; nor was there any recorded incident of a patron using the unrecorded trail to gain access to the cliff edge.

Claimant's chief assertion of liability stems from the fact that in 1983, the year following decedent's accident, the State installed a four-foot-high chain-link fence along the edge of Indian Trail and South Rim Trail. However, the evidence adduced at trial showed persuasively that the purpose of installing the fence was to keep people from falling off the cliffs and not to protect patrons in the gorge below. Further, any person willing to traverse the steep cut to gain access to the cliff edge would not hesitate to climb a low fence as well, so it is highly unlikely that such a fence would have prevented this unfortunate, unprecedented and wholly unforeseeable accident. The fact that the public has been invited to the park "does not make the State an insurer, liable for every injury no matter the nature of the hazard or how long it has been in place" (Preston v State of New York, 59 NY2d 997, 999; see, Solomon v City of New York, 66 NY2d 1026; Basso v Miller, 40 NY2d 233). There must be proof, absent here, that the potential danger reasonably could have been neutralized and that its existence was or should have been discovered by the State (Preston v State of New York, supra; cf., O'Keeffe v State of New York, 140 AD2d 998, 999).

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.