■ LISA TARRICONE, Appellant, v STATE OF NEW YORK, Respondent.—Crew III, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment in favor of the State, entered January 25, 1990, upon a decision of the Court of Claims (McCabe Jr., J.).

In this negligence action, claimant appeals from a judgment of the Court of Claims which dismissed her claim following a bifurcated trial on the issue of liability. The relevant facts are not in issue. Claimant and a companion had taken a scenic ride and decided to stop and eat at an overlook on State Route 97 in the Town of Deer Park, Orange County. In the area of the accident, Route 97 is carved out of the side of a mountain and runs parallel to the Delaware River. A stone wall, 1½ feet wide and 2½ to 3 feet tall, was constructed along the riverside to prevent cars from going off the road. At the overlook there was a ledge on the riverside of the wall which was irregular in shape and protruded approximately 14 feet from the wall. The ledge was approximately 20 feet wide. Beyond the ledge there was a cliff with a 200-foot embank-

ment. When claimant had finished eating, she had to urinate and, in order to have some modicum of privacy, she decided to use the ledge to do so. She climbed over the stone wall and, tragically, ventured too far along the ledge toward the escarpment, falling to the river below as the result of which she sustained paraplegic injuries. At trial, there was evidence that State employees had observed people sitting on the wall and had occasionally seen people standing on the ledge from which claimant fell. There was also evidence that an intoxicated individual had fallen off the same ledge approximately two months earlier. Claimant contends that the State was negligent in failing to post warning signs and in failing to erect appropriate barricades or fencing to prevent members of the public from gaining access to the ledge.

There is no doubt that a landowner has a duty to prevent the occurrence of foreseeable injuries *(see, Basso v Miller,* 40 NY2d 233). Furthermore, it can hardly be gainsaid that it is foreseeable that a person might well fall off a cliff, but that, in and of itself, is not a sufficient basis for liability. The question is whether the State exercised reasonable care under the circumstances of this case in maintaining its property in a safe condition. Claimant urges that because the State constructed the "pull off", it created a potentially dangerous condition for which it was obligated to take appropriate measures such as the posting of signs warning of the danger in question. There is nothing in the record, however, to suggest that the pull off was in any way negligently maintained or inherently dangerous. The condition complained of, i.e., the cliff, was clearly demarcated from the pull off by the stone wall and was open and obvious for all to see. There is no duty on the part of a landowner to warn against a condition that can readily be observed by those employing the reasonable use of their senses *(see, Poerio v State of New York,* 144 AD2d 129, 131). Under such circumstances, the condition is a warning in itself *(see, Rolfe v Galt,* 102 AD2d 983, 984, *lv denied* 63 NY2d 604).

Claimant further contends that the State was negligent in failing to erect barriers, i.e., a higher wall or fencing, in order to prevent members of the public from gaining access to the ledge. While claimant cites numerous authorities in support of that proposition, we note that the controlling factor central to those cases is that the State must take such precautions where latent dangers exist not readily apparent to the public *(Morrell v Peekskill Ranch,* 64 NY2d 859 [defendant failed to provide signs to safeguard guests from a dangerous condition

which was not open and obvious]; *Preston v State of New York,* 59 NY2d 997 [failed to warn or remove jagged pipes below surface of water where public was permitted to swim]; *O'Keeffe v State of New York,* 140 AD2d 998, 999, *appeal dismissed* 73 NY2d 756 [failed to warn of obscured culverts under a dock]; *Johnston v State of New York,* 127 AD2d 980, 981, *lv denied* 69 NY2d 611 [failed to warn of danger of potential avalanche by reason of unstable cliff above a pedestrian path]).

We believe the case at bar is governed by a rule of law that has evolved regarding a landowner's duty with respect to the natural terrain existing on its property. In *Diven v Village of Hastings-On-Hudson* (156 AD2d 538), the Second Department affirmed a judgment dismissing a complaint where a youth had fallen from a cliff upon which he was climbing. The plaintiff's theory of negligence was that the landowner was negligent in failing to erect a fence so as to prevent children from coming onto the property and being exposed to the dangers of the cliff. The court held that "a landowner has no duty to erect barriers or fences in order to enclose natural geographical phenomena which do not in some way represent latent dangers or conditions, so as to prevent persons coming upon the land from injuring themselves by entering onto the condition in question" *(supra,* at 539; *see also, Scurti v City of New York,* 40 NY2d 433; *Barnaby v Rice,* 75 AD2d 179, *affd* 53 NY2d 720). In the case at bar, the Court of Claims found and the record substantiates that the cliff in question was open and obvious, rather than latent. As this court has had occasion to hold and as the Court of Claims found, "it is all too clear that the careless activit[y] of [claimant], and not any omission on the part of the State, was the proximate cause of this truly unfortunate accident" *(Pizzola v State of New York,* 130 AD2d 796, 798).

Casey, J. P., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed, without costs.