■ DANIELLE WALTER et al., Respondents, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from an interlocutory

judgment in favor of claimants on the issue of liability, entered April 11, 1991, upon a decision of the Court of Claims (E. Margolis, J.) following a bifurcated trial.

On April 17, 1985, claimant Danielle Walter (hereinafter claimant), then a 19-year-old nursing student, attended a school picnic at Thacher State Park in Albany County. Shortly after 12:00 P.M., claimant and three friends arrived at the park's Mine Lot picnic area,* where they met another group of people and began drinking alcoholic beverages. Between 5:15 P.M. and 5:30 P.M., claimant left the group alone to go to the bathroom. Because the restroom nearest the picnic area was locked, claimant, in search of some privacy, walked across the picnic area toward a 3½-foot-high split-rail fence bordering the area's north side and separating it from a wooded area and a cliff. Posted on and near the fence were signs which read as follows:

"DANGER

"KEEP INSIDE RAIL

"WATCH YOUR CHILDREN

"CAUTION

"PEOPLE WALKING BELOW

"DO NOT THROW

"ANYTHING OVER CLIFF."

Upon reaching the fence, claimant climbed over and followed a dirt path which ran perpendicular to the fence in the direction of the cliff for roughly 30 feet. As claimant proceeded to urinate, she apparently slid off the edge of the cliff and fell approximately 60 feet, sustaining serious injuries.

Claimant and her father subsequently commenced this negligence action, alleging, *inter alia,* that the signs and the fence erected by the State were inadequate to warn of and protect against the hazardous cliff area. Following a bifurcated trial, the Court of Claims found claimant and the State equally culpable and apportioned liability accordingly. This appeal by the State ensued.

There should be an affirmance. As a landowner, the State is charged with a duty to use reasonable care under the circum-

---

* The Mine Lot area was apparently adjacent to the picnic area where the school function was being held.

stances in maintaining its property in a safe condition,
"whereby foreseeability [is] a measure of liability" *(Basso v
Miller,* 40 NY2d 233, 241; *see, Kush v City of Buffalo,* 59 NY2d
26, 29-30; *Mesick v State of New York,* 118 AD2d 214, 216-217,
*lv denied* 68 NY2d 611). Thus, the State has a duty to take
reasonable precautions to prevent accidents which might fore-
seeably occur as the result of dangerous terrain on its prop-
erty *(see, Diven v Village of Hastings-On-Hudson,* 156 AD2d
538, 539). Here, the State contends that the cliff is a natural
geographical phenomenon which presents an open and obvious
danger and, hence, that it had no duty to take extensive
measures to warn or to enclose the area so as to prevent the
occurrence of injuries (citing, *inter alia, Tarricone v State of
New York,* 175 AD2d 308, *lv denied* 78 NY2d 862; *Casela v
City of Troy,* 161 AD2d 991; *Diven v Village of Hastings-On-
Hudson, supra).* However, the Court of Claims found and we
agree that the uncontradicted trial evidence, including photo-
graphs, established that the difficulty in seeing the edge of the
cliff created by the trees and underbrush in the 30-foot area
between the fence and the cliff gave rise to a latent danger of
which the State should have been aware. This danger was
clearly enhanced by the presence of the dirt path running in
the direction of the cliff, indicating that the area beyond the
fence was traveled by park patrons despite the existence of
the fence and the warning signs.

Having recognized the existence at the park of a latent,
dangerous condition readily discoverable by the State, we turn
to the question of whether the State took reasonable measures
to neutralize the condition or to otherwise prevent injuries
*(see, Preston v State of New York,* 59 NY2d 997, 998-999;
*O'Keeffe v State of New York,* 140 AD2d 998, 999, *appeal
dismissed, lv denied* 73 NY2d 756). In our view, the fence and
warning signs erected by the State were insufficient to satisfy
its duty in that regard *(see, Johnston v State of New York,* 127
AD2d 980, 981, *lv denied* 69 NY2d 611; *Mesick v State of New
York, supra,* at 217-218; *Morell v Peekskill Ranch,* 104 AD2d
492, 494 [dissenting mem], *revd on dissenting mem below* 64
NY2d 859; *cf., Frontz v State of New York,* 147 AD2d 854, 855,
*lv denied* 74 NY2d 605). As explained by claimant's expert at
trial, a split-rail fence is easily traveled over, under or
through and does not serve as an adequate barrier to access.
Moreover, we agree with the Court of Claims that the signs
posted by the State were, at best, ambiguous in their warning
of the nature and location of the danger existing at the end of

the wooded area only 30 feet beyond the fence. And the well-worn path beyond the fence leading toward the cliff not only readily suggested that one could disregard the danger sign without harm, but also put the State on notice that the sign and the fence were being ignored by park users and, thus, were inadequate to prevent intrusions into the area of danger. Under the circumstances, we conclude that the State failed to exercise reasonable care and, therefore, the Court of Claims' apportionment of 50% liability to the State should not be disturbed (see, Johnston v State of New York, supra).

Weiss, P. J., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the interlocutory judgment is affirmed, with costs. [See, 150 Misc 2d 352.]