■ VIOLET GREEN et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 81520.) [634 NYS2d 768] —In a claim to recover damages for personal injuries, etc., the claimants ap-

peal from a judgment of the Court of Claims (Mega, J.), dated May 25, 1994, which, after a nonjury trial, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

The claimant Violet Green commenced this suit against the State of New York after she allegedly injured her knee when she slipped and fell on a muddy, paved walkway in Bear Mountain State Park. The claimant Harry Green interposed a claim to recover damages for loss of consortium. The claimants' central theory at trial was that the State negligently created the muddy condition by using silt as a filler near the accident scene. After a trial, the court dismissed the claim. We now affirm.

It is axiomatic that in order to state a prima facie claim of negligence, a claimant must prove the existence of a duty, the breach of that duty, that the breach was a proximate cause of the accident, and damages (*see, Turcotte v Fell*, 68 NY2d 432). As a landowner, the State is subject to the same rules governing private landowners, that is, the State " ' "must act as a reasonable [person] in maintaining [its] property in a reasonably safe condition in view of all of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" ' " (*Preston v State of New York*, 59 NY2d 997, 998). Here, even if we assume, arguendo, that the claimants proved that the State used silt as filler during the time in question, they failed to proffer any proof that this use of silt constituted negligence. Indeed, as noted by the trial court, the claimants' expert did not testify that the State should have used another type of filler or that the use of another type of filler would have probably or necessarily brought about a different result. Further, the proof at trial indicated that although the walkways in the park were routinely maintained, there were very heavy rains for several days prior to the accident. In view of both the relatively minor likelihood and seriousness of an injury that might be expected to arise from a muddy walkway in a State park and the heavy burden that would be placed on park employees if they were required to keep the park walkways mud-free under the conditions presented, the presence of mud on the walkway at issue did not represent an unreasonably unsafe condition or a departure by the State from the actions that would have been undertaken by a reasonable person.

We have considered the claimants' remaining contentions and find them to be without merit. Balletta, J. P., Ritter, Copertino and Pizzuto, JJ., concur.