■ BARBARA COMETTI, Respondent, v HUNTER MOUNTAIN FESTIVALS, LTD., Appellant, et al., Defendant. [660 NYS2d 511] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Cobb, J.), entered January 17, 1997 in Greene County, which denied a motion by defendant Hunter Mountain Festivals, Ltd. for summary judgment dismissing the complaint against it.

Defendant Hunter Mountain Festivals, Ltd. (hereinafter defendant) operates a ski resort in the Town of Hunter, Greene County. During the summer of 1993, the property was open to the public and visitors were permitted to hike anywhere on the mountain's 46 ski trails. Defendant also operated "Skyride"—a base-to-summit chair lift for which either one-way or round-trip tickets could be purchased at the base and summit.

In July 1993, plaintiff and two companions went to Hunter Mountain to watch a mountain bike race. Upon arriving, plaintiff purchased a one-way ticket at the base of the mountain intending, once at the summit, to travel on foot down the mountain to find a good location to watch the race. After taking the Skyride to the summit, which is 3,200 feet above the mountain's base, plaintiff and her companions started down

"Hellgate", an advanced ski trail with which plaintiff was familiar having skied it several times in the past.

Although the terrain was steep and difficult to traverse and although plaintiff's footing became unstable, the threesome expressly opted to continue their descent on this trail instead of traveling back to the summit (which would have allowed them to descend by way of an easier trail or the Skyride). Shortly thereafter, plaintiff sustained serious injuries after losing her footing and being propelled down the trail in a run prior to falling.

She commenced this action alleging, *inter alia*, that her injuries were caused by defendant's negligent operation and maintenance of the mountain. Following discovery, defendant moved for summary judgment on the grounds that General Obligations Law § 9-103 immunized it from liability and that plaintiff's fall was an inherent risk of hiking on a mountain. The instant appeal arises from Supreme Court's denial of summary judgment to defendant on the ground that a question of fact exists as to whether plaintiff was "hiking" within the meaning of the statute.

As pertinent here, General Obligations Law § 9-103 (1) (a) states that "an owner, lessee or occupant of premises * * * owes no duty to keep the premises safe for * * * hiking * * * or to give warning of any hazardous condition or * * * activity on such premises to persons entering for such purposes". Although not specifically defined under the statute, "hiking" is defined in the Department of Environmental Conservation rules and regulations as traversing land "by foot or snowshoe for the purpose of pleasure or exercise" (6 NYCRR 197.2 [a]). We find such definition to be instructive and in accord with the Court of Appeals' assertion that uses enumerated under the statute are "self-explanatory" (*Farnham v Kittinger*, 83 NY2d 520, 526). The term "hiking" has also been alluded to as "traveling through the woods on foot" (*Sega v State of New York*, 60 NY2d 183, 193). We further note that an individual engaged in any of the enumerated activities under the statute, with one exception not relevant here (*see, Farnham v Kittinger, supra*), is presumed to be doing so for recreational purposes and his or her subjective purpose is irrelevant (*see, Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 552, n 3).

In our view, defendant made a prima facie and uncontradicted showing that plaintiff was hiking within the meaning of General Obligations Law § 9-103 (1) (a) at the time of her injuries. Plaintiff, who had a prior hiking experience, was wearing "good, sturdy boots" on the day of the incident and

purchased a one-way ticket up the mountain. She voluntarily began to descend down an advanced ski trail where no others were headed. Moreover, she made a conscious decision, despite the steepness of the trail, to continue down it on foot.

These facts and circumstances support no other conclusion but that plaintiff was traversing defendant's premises for pleasure and exercise such that her activity falls squarely within the enumerated activity of hiking under General Obligations Law § 9-103 (1) (a). Although plaintiff may have gone to Hunter Mountain that afternoon for a reason other than hiking, it is evident that she was hiking when she was injured (see, Reid v Kawasaki Motors Corp., 189 AD2d 954, 955). Her actions indicated an expectation that she would eventually travel to the base of the mountain entirely by foot.

Because plaintiff was engaged in hiking, a recreational activity specifically enumerated in the statute, on land which was conducive and appropriate for such activity, defendant is immune from liability. A contrary conclusion would plainly defeat the statutory purpose of encouraging owners to make their lands available for recreational activities (see, e.g., Bragg v Genesee County Agric. Socy., supra, at 548-550; Farnham v Kittinger, supra, at 525-526).

Equally compelling is defendant's alternative argument that it owed no duty to plaintiff under these circumstances such that summary judgment should have been granted notwithstanding the applicability of General Obligations Law § 9-103 (1) (a). The mountain trail on which plaintiff voluntarily traversed "is a natural geographical phenomenon, the danger of which is open and obvious rather than latent" (Coote v Niagara Mohawk Power Corp., 234 AD2d 907, 909). Indeed, plaintiff elected to traverse a trail which she knew from prior skiing experience was steep. Because the condition that caused her injuries was neither latent nor concealed, plaintiff's injuries cannot be said to have resulted from any breach of duty by defendant (see, Hofflich v Mendell, 235 AD2d 784; Coote v Niagara Mohawk Power Corp., supra; Walter v State of New York, 185 AD2d 536; Tarricone v State of New York, 175 AD2d 308, lv denied 78 NY2d 862).

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Hunter Mountain Festivals, Ltd.; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.