■ ANDREW TOMS et al., Appellants, v STATE OF NEW YORK et al., Respondents. (Claim No. 100978.) [796 NYS2d 660]—

In a claim to recover damages for personal injuries, etc., the claimants appeal from a judgment of the Court of Claims (Mignano, J.), dated May 18, 2004, which, after a nonjury trial on the issue of liability, dismissed the claim.

Ordered that the judgment is affirmed, with costs.

Contrary to the claimants' contention, the defendant New York State Thruway Authority (hereinafter the Thruway Authority) did not maintain its property in an unreasonable

manner (*see Preston v State of New York,* 59 NY2d 997, 998 [1983]; *see also Doyle v State of New York,* 271 AD2d 394, 395 [2000]; *Green v State of New York,* 222 AD2d 553, 554 [1995]). The Thruway Authority did not light the side chambers within the caissons of the Tappan Zee Bridge and left floor openings uncovered (*see Preston v State of New York, supra* at 998; *Doyle v State of New York, supra* at 395; *Green v State of New York, supra* at 554). If an accident were to occur from this situation any potential injury would likely be serious. However, the likelihood of such an injury occurring was minimal given the infrequency with which these chambers were accessed, once every two years, and the burden to the Thruway Authority of modifying all of the chambers in all of the caissons would have been substantial (*see Preston v State of New York, supra* at 998; *Doyle v State of New York, supra* at 395; *Green v State of New York, supra* at 554).

In any event, the Court of Claims properly determined that the claimant's own actions were the sole proximate cause of the accident which led to his injuries (*see Gallo v State of New York,* 292 AD2d 567 [2002]; *Palmeri v State of New York,* 201 AD2d 634, 634 [1994]). The court's determination that the conduct of the Thruway Authority was not a proximate cause of the claimant's accident is supported by the evidence and should not be disturbed on appeal (*see Gallo v State of New York, supra* at 567). Florio, J.P., Adams, Mastro and Lifson, JJ., concur.