■ Stanislaw Jarmolowski, Appellant, v State of New York, Respondent. (Claim No. 101390.) [803 NYS2d 761]—

Mugglin, J. Appeal from a judgment of the Court of Claims (Sise, J.), entered February 25, 2004, upon a decision of the court in favor of defendant.

Pursuant to a permit issued by the Lake George Park Commission, O'Sullivan's Motel constructed a commercial dock which extends 80 feet into the waters of Lake George, the bed of which is owned by defendant. The Department of Health is required to annually inspect the motel's premises for compliance with the State Sanitary Code. Because the water was no more than three feet deep at the end of the dock, O'Sullivan's Motel painted "No Diving" warnings on the dock and at least 10 such "No Diving" warnings were present. Nevertheless, claimant asserts that he did not see the warnings and was misled by the safe appearance of the area. He dove from the end of the dock, struck the lake bottom and was rendered a quadriplegic. Following a trial on the issue of liability only, the Court of Claims concluded that defendant owed no duty to claimant under these circumstances and dismissed the claim.

Claimant first argues that common-law principles concerning the duty of landowners to maintain their premises in a reasonably safe condition applied to defendant and it breached this duty by permitting a dangerous and unsafe condition to be maintained on its property. We disagree, finding that *Preston v State of New York* (59 NY2d 997 [1983]) is dispositive of this argument. There, in an area specifically reserved by defendant for swimming, adjacent to an island that it owned, claimant was injured by a submerged object. Under those circumstances, the Court of Appeals instructs that defendant "had a duty either to inspect and remove hazards from the water or to give warnings that the waters were used at the swimmer's risk" (*id.* at 998). However, the Court also stated that "[m]ere ownership does not give rise to the duty, but inviting the public to swim there does" (*id.*). Here, defendant only owns the bed of the lake. It did not

specifically reserve the area for swimming nor did it invite the public to swim there. Invitation, if any existed, was from the owners of O'Sullivan's Motel.

Based on the same rationale, claimant's alternative argument that liability should be imposed on defendant because it operates Lake George as a state park must fail. While a legal duty is imposed upon defendant (*see Preston v State of New York, supra* at 998) and upon its municipalities (*see Caldwell v Village of Is. Park*, 304 NY 268, 273 [1952]) to maintain park facilities in a reasonably safe condition, in our view, the Court of Claims reasonably and correctly concluded that the functions performed by defendant in maintaining its park facilities for use by the public are markedly different from the regulatory functions performed by the Lake George Park Commission, making irrelevant those cases that claimant relies upon which involve the actual operation of municipal park facilities. Because we agree with the Court of Claims that defendant owed no duty to claimant, we find it unnecessary to address claimant's additional arguments.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.