*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 17, 2014                517931
_____

STEVEN KING et al., as
    Coadministrators of the
    Estate of KHALIL JAMAL
    GODFREY KING, Deceased,
                    Respondents,
        v                                   MEMORANDUM AND ORDER

CORNELL UNIVERSITY,
                    Appellant.
_____

Calendar Date:  May 29, 2014

Before:  Peters, P.J., Rose, Egan Jr., Lynch and Devine, JJ.

                    _____


        Nelson E. Roth, Cornell University, Ithaca, for appellant.

        Leland T. Williams, Rochester, for respondents.

                    _____


Lynch, J.

        Appeal from an order of the Supreme Court (Rumsey, J.),
entered August 16, 2013 in Tompkins County, which denied
defendant's motion for summary judgment dismissing the complaint.

        On August 28, 2010, decedent, a 19-year-old sophomore at
defendant, fell to his death in a gorge on campus.  Plaintiffs,
who are decedent's parents, commenced this action against
defendant to recover damages for negligence.  Defendant answered
and, after limited discovery, moved for summary judgment
dismissing the complaint, arguing that it was immune from
liability pursuant to General Obligations Law § 9-103 and,
alternatively, not negligent as a matter of law.  Recognizing
that decedent's status as a student does not preclude application

of the statute (see Weller v Colleges of the Senecas, 217 AD2d 280, 285 [1995]), Supreme Court denied the motion in a thorough, well written decision (41 Misc 3d 451 [2013]).  Defendant now appeals.

We affirm.  The circumstances leading up to decedent's tragic fall, as described by his classmate, Damani Carter, are not disputed.  At approximately 3:30 a.m., the two students were walking to a fraternity house on campus.  Carter described decedent as intoxicated, and others indicated that he may have smoked marihuana earlier in the evening.  As they walked, decedent motioned for Carter to back up and then decedent ran toward Carter, quietly saying "run, run."  Not knowing why decedent gave this direction, Carter started to run and decedent passed him as they entered the gorge trail behind "the Fiji fraternity."  When Carter came to an opening in the trail, he stopped and called for decedent to do the same, but decedent continued on.  Minutes later, Carter called decedent on his cell phone, but there was no response.  The next day, decedent's body was found below the cliff bordering the trail where Carter last saw him.  The City of Ithaca Police Department investigated and determined that decedent had crossed over a split rail fence that ran along the trail in order to get to the cliff's edge.

Defendant maintains that it is shielded from liability by General Obligations Law § 9-103 (1) (a), which, as pertinent here, "grants a special immunity to owners . . . from the usual duty to keep places safe" when individuals use their property for specified recreational activities, including hiking (Farnham v Kittinger, 83 NY2d 520, 525 [1994]).  The enumerated activities covered under the statute "are essentially self-explanatory" (id. at 526).  "Hiking" has been described as "traveling through the woods on foot" (Sega v State of New York, 60 NY2d 183, 193 [1983]) and as "traversing land 'by foot or snowshoe for the purpose of pleasure or exercise'" (Cometti v Hunter Mtn. Festivals, 241 AD2d 896, 897 [1997], quoting 6 NYCRR 197.2 [a]).  Comparatively, this Court recently determined that a person walking her dogs on a paved walkway was not engaged in "hiking" under the statute (see Drake v Sagbolt, LLC, 112 AD3d 1132, 1134 [2013]).  With one exception not applicable here, a person engaged in one of the enumerated activities is "presumed to be

doing so for recreational purposes" without regard to his or her subjective intent (Bragg v Genesee County Agric. Socy., 84 NY2d 544, 552 n 3 [1994]; see Farnham v Kittinger, 83 NY2d at 527-528; Cometti v Hunter Mtn. Festivals, 241 AD2d at 897).

The critical determination is whether decedent's activity constituted "hiking" under the statute. As described, he ran down the gorge trail and, in that literal sense, was "traveling through the woods on foot," or "hiking," as defined in Sega v State of New York (60 NY2d at 193). The statute, however, speaks to specified recreational categories reflecting the intent of the Legislature "to allow or encourage more people to use more accessible land for recreational enjoyment" (Farnham v Kittinger, 83 NY2d at 525; see Sena v Town of Greenfield, 91 NY2d 611, 615 [1998]; Albright v Metz, 88 NY2d 656, 661-662 [1996]). Viewing the facts in the light most favorable to plaintiffs, the nonmoving party, we agree with Supreme Court that, under the distinctive fact pattern presented, defendant did not establish, as a matter of law, that decedent was "hiking" within the embrace of General Obligations Law § 9-103 (1) (a) at the time of his death (see Farnham v Kittinger, 83 NY2d at 525, 527-528). Consequently, the court properly denied this aspect of defendant's motion.

Next, defendant maintains that since the dangers of the gorge are open and obvious, it had no duty to warn decedent of any hazards and that all reasonable measures to maintain the property in a safe condition had been taken. A landowner is required to both maintain its property in a reasonably safe condition and "to warn of a latent, dangerous condition of which the landowner is or should be aware" (Soich v Farone, 307 AD2d 658, 659 [2003]). The duty to warn does not extend to the open and obvious dangers of natural geographic phenomena (see Cohen v State of New York, 50 AD3d 1234, 1235 [2008], lv denied 10 NY3d 713 [2008]; Tarricone v State of New York, 175 AD2d 308, 310 [1991], lv denied 78 NY2d 862 [1991]; see also Freese v Bedford, 112 AD3d 1280, 1281 [2013]; Arsenault v State of New York, 96 AD3d 97, 101 [2012]; Walter v State of New York, 185 AD2d 536, 538 [1992]). While generally a question of fact, "[f]or a condition to be open and obvious as a matter of law, it must be one that could not be overlooked by any observer reasonably using

his or her ordinary senses" (Arsenault v State of New York, 96 AD3d at 102 [internal quotation marks and citations omitted]). Defendant likens this case to the situation in Tarricone, where the plaintiff fell from a cliff ledge adjacent to an overlook along the road, which "was open and obvious for all to see" (Tarricone v State of New York, 175 AD2d at 309; see Doyle v State of New York, 271 AD2d 394, 395-396 [2000]). The situation here is not quite so clear-cut. In the area of decedent's fall, approximately 35 feet from the cliff, there is a split rail fence that borders the gorge side of the trail. The photographs and videos submitted by defendant depict a sparsely wooded area between the trail and the gorge, sloping downward toward the gorge. Defendant maintains that the air space observable beyond the trees reveals the rim of the gorge, rendering the cliff hazard open and obvious as a matter of law. We disagree. Even though the air space reflects a decline in the landscape, the actual condition at the cliff's edge, and the 200-foot drop-off from the edge, are not depicted. We agree with Supreme Court that a question of fact remains as to whether the cliff's edge was visible and obvious or presented a latent, dangerous condition necessitating an appropriate warning (see Walters v County of Rensselaer, 282 AD2d 944, 945-946 [2001]; compare Walter v State of New York, 185 AD2d at 538).

A further question is whether defendant took reasonable measures to safeguard the area. In this regard, it is important to recognize that the gorge area is open to the public and has been designated as a recreational area (see ECL 15-2714 [3] [hh]). Defendant provided affidavits and photographic evidence showing that three signs were placed along the trail behind the Fiji fraternity stating the following: "WARNING NATURAL AREA USE EXTREME CAUTION." In addition, three lampposts were situated along the trail in the area of decedent's fall, as well as the split-rail fence. Finally, defendant provides incoming freshman with a brochure entitled "The Gorges of Cornell — Path and Safety Information." There is, however, no express warning as to the proximity of the cliff to the trail, or any indication that the lampposts illuminated the area leading up to the cliff's edge.

In our view, the adequacy of the warnings and the safety measures taken remain questions of fact for resolution at trial.

Accordingly, defendant has failed to demonstrate, as a matter of law, that it is entitled to summary judgment dismissing the complaint.

Peters, P.J., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court