*591 OPINION OF THE COURT

Per Curiam.

That a motion for summary judgment is made on the eve of trial is not of itself a sufficient reason for denying the motion. Special Term may properly deny such a motion when its merit is not evident and it appears to be made as a dilatory tactic.
When the reason for delay is to complete depositions (cf. CPLR 3212, subd [f]), which as the Appellate Division found was essential to the making of the motion, denial of the motion as untimely is error. Especially is this so when the motion is clearly meritorious, as is the instant motion, for doing so wastes judicial resources which, through ever increasing demands, daily become more precious.
Plaintiffs claim is for a finder’s fee. Defendant argues from the use of the word "procured” in several places in its letter agreement with plaintiff, that plaintiffs employment was as broker to negotiate the sale of defendant’s subsidiary company, Disclosure Incorporated, rather than simply as a finder, but the references are to a sale to a third party procured by plaintiff rather than to a sale procured by plaintiff or of which plaintiff was the procuring cause (cf. 2 NY PJI 934-935). Use of the word "procured” alone would not, therefore, be a sufficient basis for summary judgment (cf. Bradkin v Leverton, 26 NY2d 192, 197).
Here, however, the agreement also contains the provision that "Resources agrees to obtain the prior written consent of Reliance before approaching third parties with respect to a proposed Disclosure Sale. Reliance may withhold its consent in its sole discretion.” Plaintiff claims that it gave defendant the name of the company to which Disclosure was sold before the agreement was entered into and admits that defendant’s consent was then withheld and was never thereafter given. Plaintiff argues, nevertheless, that the agreement cannot be construed to make such consent a condition precedent to liability for a finder’s fee because otherwise defendant, by arbitrarily withholding consent, could avoid paying any commission. Its dilemma is that the quoted provision, signed by it after it knew that consent as to the company which ultimately purchased had been withheld, shows that something other than merely furnishing defendant a name was required before defendant incurred liability, i.e., that plaintiff was required after the date of the agreement to contact the *592 potential purchaser and introduce the parties, if not assist in the negotiations.
When to that provision is added the additional wording of the agreement on which plaintiff also bases its claim — that the commission provided for was to be paid "in complete satisfaction of and as payment for any and all services rendered by Resources on behalf of any and all parties to the Disclosure Sale, whether as finder, broker, originator, consultant or otherwise” — it becomes crystal clear that, whatever the rights and obligations of a finder under the law generally (see Simon v Electrospace Corp., 28 NY2d 136, 141; Knauss v Gottfried Krueger Brewing Co., 142 NY 70; Ames v Ideal Cement Co., 37 Misc 2d 883, 886; Radiation Dynamics v Goldmuntz, 464 F2d 876, 883; Hale v Wolfsen, 276 Cal App 2d 285; Modern Tackle Co. v Bradley Inds., 11 111 App 3d 502; Baldwin v Grymes, 232 Md 470; Davidson v Robie, 345 Mass 333; Equity Benefit Life Ins. Co. v Trent, 566 P2d 449, 453 [Okla]; Amerofina v United States Inds., 232 Pa Super Ct 394, 399-401; 13A Fox and Fox, Business Organizations, Corporate Acquisitions and Mergers, § 30.02; Ann., 24 ALR3d 1160), plaintiff’s obligation under this agreement was to do something more than just give defendant a name.
The lack of merit in plaintiff’s interpretation of the agreement is emphasized by its suggestions that by not requiring consent as to two potential purchasers discussed prior to the date of the letter agreement defendant waived the necessity for consent and that in any event plaintiff has substantially performed. While it may be possible to waive a contract requirement contemporaneously with entry into the contract, the concept of prior waiver is legally anomalous. Indeed, it is plaintiff who must be said by accepting an agreement with the quoted provision in it to have waived whatever rights it may have acquired by simply revealing the name prior to (or at the time of) entry into the agreement.
Of no greater avail to plaintiff is its substantial performance contention. It was to make clear that just such an argument could not be advanced to avoid the Statute of Frauds that paragraph 10 of subdivision a of section 5-701 of the General Obligations Law was amended in 1964 (Bradkin v Leverton, 26 NY2d 192, supra; Minichiello v Royal Business Funds Corp., 18 NY2d 521, 525-527, cert den 389 US 820). But that fact aside, plaintiff’s claim according to its motion papers is only that prior to or at the time it entered into the agreement it *593 mentioned the ultimate purchaser’s name. How that can constitute substantial performance of the consent requirement is not suggested, nor can the court rewrite the agreement of the parties to say that the consent requirement imposed no obligation at all and, therefore, that the agreement was substantially performed by plaintiffs doing nothing after it was entered into.
There being no issue to be decided by a trier of fact, the motion for summary judgment was properly granted. The order of the Appellate Division should, therefore, be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order affirmed.