## SECOND DEPARTMENT, JANUARY, 1984

### (January 13, 1984)*

■ CARVEL CORPORATION, Plaintiff, v IRVING M. BURSTEIN et al., Defendants. (Action No. 1.) IRVING M. BURSTEIN et al., Respondents, v CARVEL CORPORATION et al., Defendants, and THOMAS CARVEL, Appellant. (Action No. 2.) — In consolidated actions to recover damages for, *inter alia,* breach of contract and fraud, Thomas Carvel appeals from an order of the Supreme Court, Westchester County (Marbach, J.), entered December 27, 1983, which denied his motion for summary judgment dismissing the action as to him. Order reversed, without costs or disbursements, motion granted, and action dismissed as against Thomas Carvel. In April of 1973, Irving and Peggy Burstein, after hearing radio commercials aimed at soliciting prospective Carvel franchisees, contacted Carvel Corporation in order to obtain information regarding the purchase of a Carvel franchise. On June 18, 1973, they entered into various agreements with Carvel Corporation for the purchase of a franchise. After they had purchased the franchise, they attended a training course of approximately 18 days provided by Carvel Corporation. On the last day of the training course,

* Not published with other decisions of January, 1984, 99 AD2d 462. [Rep.

respondents met Thomas Carvel. This was the first and only time that they ever met him. Respondents' Carvel store failed in 1974. Carvel Corporation brought a breach of contract action against respondents immediately after the store failed. Two years later, respondents commenced an action against, *inter alia,* Thomas Carvel in his individual capacity on the ground that he had induced them to purchase a franchise and had personally guaranteed their success. Both actions have been consolidated and trial was originally scheduled for January 3, 1984. In early December, 1983, Thomas Carvel moved for an order granting summary judgment in his favor on the ground that none of the writings or acts which form the basis for plaintiffs' complaint were executed or performed by him in his individual capacity. The court denied his motion on the ground that it was made on the eve of trial, and he appealed. The court erred in denying his motion. The only reason given by the court was that the motion was made on the eve of trial. That a motion is made on the eve of trial is not in itself a sufficient reason for denying the motion (*Kule Resources v Reliance Group,* 49 NY2d 587). This is especially true where the motion is clearly meritorious (*Kule Resources v Reliance Group, supra*). Thomas Carvel's motion is meritorious. He acted in his capacity as a representative of Carvel Corporation at all times. There is no indication that he ever personally guaranteed respondents' success, or that he made any fraudulent statements to respondents. Furthermore, the agreements signed by respondents clearly indicate that they were dealing with Carvel Corporation, and not directly with Thomas Carvel. Accordingly, respondents were on notice that they were not dealing with Thomas Carvel personally. Therefore, there is no basis upon which to hold him liable and his motion for summary judgment should have been granted. Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.