■ AMELIA CRANDALL et al., Appellants, v WALDBAUM, INC., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered August 27, 1986, which granted the defendant's motion for summary judgment on the ground that there had been an accord and satisfaction of the claim.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contentions, the defendant's motion for summary judgment was not untimely so as to require its denial, even though it was made on the eve of trial, since the motion was clearly meritorious and, under CPLR 3212 (a), it could be made at any time after issue had been joined *(see, Kule Resources v Reliance Group,* 49 NY2d 587; *Carvel Corp. v Burstein,* 99 AD2d 935, *affd* 62 NY2d 638). The defendant asserted a valid and complete defense of accord and satisfaction since the plaintiff, Amelia Crandall, had negotiated a draft which clearly stated that its indorsement was an "acknowledgment of full settlement * * * of claims * * * for * * * injury" and it was made in payment for "Damages resulting from bodily injury due to an occurrence on or about 1/2/82" *(see, Merrill Lynch Realty/Carll Burr, Inc. v Skinner,* 63 NY2d 590, *rearg denied* 64 NY2d 885). The plaintiffs' attempt to introduce evidence of a prior oral representation is of no avail because, under the parol evidence rule, conditions precedent which contradict, vary or negate the express terms of an agreement are inadmissible *(see, Hicks v Bush,* 10 NY2d 488). Thompson, J. P., Brown, Niehoff and Rubin, JJ., concur.