■ BETTY BROWN et al., Appellants, v NEW YORK MEDICAL COLLEGE FOR COMPREHENSIVE HEALTH PRACTICE et al., Respondents.—Judgment, Supreme Court, New York County (John Tenney, J.), entered December 5, 1988, which dismissed plaintiff's complaint, at the close of their case, for failure to prove a prima facie case and which granted judgment in favor of defendants against plaintiffs, is unanimously affirmed, without costs.

The trial court properly granted defendants' motion for a directed verdict in defendants' favor at the close of plaintiffs' case. The evidence adduced at trial revealed that plaintiff Betty Brown, an obese woman in her fifties, was a patient of Drs. Raymond Simon and Greta Daun, who worked out of the New York Medical College for Comprehensive Health Practice (Center).

In October 1982 plaintiff appeared for an unscheduled visit at the Center and was attended to by Dr. Daun. Plaintiff was directed to enter an examining room where she underwent an electrocardiogram. Before and after the examination, the plaintiff undressed and dressed herself in privacy. Plaintiff, who exhibited no problems nor requested any assistance to get dressed, attempted to sit down on a physician's stool which was positioned against the wall of the examining room to put on her clothing. Previously, she had sat on a patient's chair. According to plaintiff, she had not noticed that the stool had any wheels and it "shot out from under" her. Upon her fall, plaintiff fractured her knee and commenced this negligence action on the theory that defendants acted negligently due to their failure to warn her about the presence of the dangerous instrumentality of the stool.

Upon review of the record, we find that the complaint was properly dismissed. Here, plaintiffs failed to produce any evidence that the stool was a dangerous instrumentality. There was no expert testimony introduced to show that the stool, as designed for physicians, was a dangerous instrument, or constituted a hidden danger to plaintiff so as to require defendants to give her special notice or warning with respect to said object. *(See, Bua v Fernandez,* 15 NY2d 664, *revg on dissenting mem at App Div* 21 AD2d 887, 888.) Also there was no evidence that Dr. Daun knew plaintiff was going to use the stool. Furthermore, there is no duty to warn against a condi-

tion that can be readily observed by the reasonable use of one's senses. *(Olsen v State of New York,* 30 AD2d 759, *affd* 25 NY2d 665.)* Plaintiff herself testified that she attempted to sit on the stool without observing if it had a back, arms or wheels and without putting her hand out to hold it. Under the facts of this case, plaintiff's failure to establish the element of duty to warn proved fatal.

We have considered plaintiff's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.