[607 NYS2d 924]

MELVIN BETANCOURT, Individually and as Administrator of the Estate of VICTOR BETANCOURT, Deceased, et al., Appellants, v MANHATTAN FORD LINCOLN MERCURY, INC., Respondent.

First Department, February 17, 1994

APPEARANCES OF COUNSEL

*Gerard K. Ryan, Jr.,* of counsel *(Mary Anne Walling* with him on the brief; *Stanley R. Waxman, P. C.,* attorney), for appellants.

*Stephen L. Segall* of counsel *(Groman & Segall, P. C.,* attorneys), for respondent.

**OPINION OF THE COURT**

RUBIN, J.

The evidence of record establishes that defendant breached its duty to provide the Betancourts (plaintiffs) with a vehicle in safe condition and good working order. Defendant rented to plaintiffs a vehicle with a history of overheating as the result of leaking engine coolant, a problem which had been reported to defendant on two prior occasions, and which defendant failed to rectify. While driving on an interstate highway in Ohio, plaintiffs experienced problems with the engine and were obliged to pull their vehicle onto the shoulder of the roadway. Plaintiffs' decedent, Victor Betancourt, exited the vehicle to examine the engine, returning to the driver's seat in an attempt to start the motor. When the vehicle would not start, Mr. Betancourt again left the car. While adjacent to the driver's side door, which he had closed, the rear wheels of a tractor trailer struck him and the automobile, causing his death.

The fundamental issue in this case is whether the accident was a reasonably foreseeable consequence of defendant's negligence in placing into the stream of commerce a rental vehicle known to be defective. Supreme Court, relying on *Ventricelli v Kinney Sys. Rent A Car* (45 NY2d 950), dismissed the complaint, holding that the accident was an unforeseeable consequence of defendant's asserted negligence and was the result of negligence on the part of an intervening third party.

In *Ventricelli (supra),* the plaintiff rented a vehicle with a faulty trunk latch, causing it to fly open while he was driving

the car and requiring him to stop and close it. While standing behind the automobile, which was parked in a legal parking space on a New York City side street, plaintiff was struck when a car parked behind him suddenly lurched forward, severely injuring him. The Court of Appeals held that while it was reasonably foreseeable that the defendant's negligence would result in repeated attempts to close the trunk, it was not foreseeable that the plaintiff would be struck while his vehicle was parked in a legal parking space, a "relatively 'safe' place" (45 NY2d, *supra,* at 952). The Court concluded that "to hold the accident a foreseeable consequence of [the defendant's] negligence is to stretch the concept of foreseeability beyond acceptable limits" *(supra,* at 952).

Although facially similar to *Ventricelli,* the instant matter presents a significant factual distinction rendering an analogous disposition inappropriate. Plaintiffs herein were forced to pull their car onto the shoulder of an unlit, commercially traveled interstate highway in the dead of winter at 3:00 A.M. According to the deposition testimony of the Ohio State Highway Patrolman who investigated the accident, plaintiffs' decedent was killed because a tractor trailer was dogtailing—a phenomenon where the trailer, instead of following directly behind the tractor, travels anywhere from a few inches to several feet to one side. As the only marks on the sheet metal of the rental car were rubber, the patrolman concluded that just the rear wheels of the trailer contacted the stranded vehicle, striking the decedent in the process.

In contrast to a legal parking space, the precarious position of plaintiffs' rental car can hardly be considered a place of relative safety. The dangers present on highway shoulders have been expressly recognized by the Legislatures in both Ohio and New York. Statutes and regulations in both States prohibit stopping, standing, parking or operating any motor vehicle on a shoulder of a highway except for emergency purposes (Vehicle and Traffic Law § 1202; Ohio Administrative Code §§ 5537-2-14, 5537-2-15). In *Dowling v Consolidated Carriers Corp.* (103 AD2d 675, 676), in which a truck driver faced with a mechanical problem veered onto the shoulder striking a parked bus, this Court recognized that "section 1202 (subd [a], par 1, cl j) appears clearly to embody a legislative judgment that stopping, standing or parking a vehicle either on the roadways or shoulders of State express highways or State interstate route highways, highways designed for fast-moving vehicular traffic, presents, except in carefully specified circumstances, an unacceptable danger of accidents. It is difficult to

see how an event of the kind intended to be avoided by this inclusive statutory prohibition can reasonably be considered an unforeseeable, intervening event."

It is clear from the case law of both New York and Ohio that foreseeability extends beyond merely the negligent act itself to the reasonably foreseeable consequences of that act (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315, *rearg denied* 52 NY2d 784, 829; *Luce v Hartman*, 6 NY2d 786). As stated in *Palsgraf v Long Is. R. R. Co.* (248 NY 339, 344), " 'It was not necessary that the defendant should have had notice of the particular method in which an accident would occur, if the possibility of an accident was clear to the ordinarily prudent eye' " (quoting *Munsey v Webb*, 231 US 150, 156). In *McMorrow v Trimper* (149 AD2d 971, 972, *affd* 74 NY2d 830), the Appellate Division, Fourth Department, stated, "It is not required that the defendant foresee the exact manner in which her negligence will result in injury *(see, Williams v State of New York*, 308 NY 548, 556); it is enough that some injury to plaintiff was foreseeable as a result of her negligence."

In *McMorrow v Trimper (supra)*, the plaintiff was a passenger in the Trimper vehicle, which went out of control and hit the guardrail of a bridge. A passing motorist stopped to offer assistance, and a third automobile then collided with the two stopped vehicles. The plaintiff, who had left the Trimper car, observed the lights of another vehicle approaching and, fearing being crushed against the guardrail, jumped over it and fell 70 to 100 feet onto the highway below. The Court held that "the jury could rationally have found that Karen Trimper was negligent in her operation of a motor vehicle and that there was a causal connection between her negligence and plaintiff's injuries" (149 AD2d, *supra*, at 972).

The parties to the case at bar have not argued that the action should be governed by Ohio law. However, the relevance of *Reiselman v Dodd* (1992 Ohio App LEXIS 5064 [Ohio Ct App, Sept. 29, 1992, Whiteside, J.]) is noteworthy. While driving on an interstate highway, the defendant negligently struck the plaintiff's car from behind, whereupon both drivers pulled their vehicles onto the shoulder of the roadway and got out to inspect their cars for damage. While the plaintiff was inspecting his vehicle, a third vehicle lost control, skidding onto the shoulder of the road and striking the plaintiff. The accident took place entirely on the shoulder of the roadway and off the traveled portion of the interstate. The trial court found that the plaintiff's injuries were sustained as a result of

the third car and were not proximately caused by defendant's negligence in running into the plaintiff's vehicle, reasoning that the defendant's negligence ceased when the plaintiff regained control of his car immediately after the impact. The court held that it was the plaintiff's decision to pull off the road and onto the shoulder and that the second accident was not influenced by the conduct of the original parties.

The Ohio Court of Appeals, in reversing the trial court's grant of summary judgment in favor of the defendant, noted that the issue was whether a conclusion regarding proximate cause and foreseeability could appropriately be made as a matter of law. The court stated: "We are unable to find as a matter of law that it is not reasonably foreseeable that a motorist may operate his vehicle negligently so as to strike a motorist forced to stop on the shoulder of a highway as a result of a negligent act by a first motorist where the highway involved is a high speed, heavily travelled interstate highway. Under such circumstances, reasonable minds could reach different conclusions as to the foreseeability by the first negligent motorist of the subsequent negligent act of the second negligent motorist, even assuming the precise nature of the negligent act of the second negligent motorist is not foreseeable" (Reiselman v Dodd, supra, at *7).

It is clear that the shoulder of a highway, unlike a legal parking space on a street, is not a place of safety so as to attenuate the danger to plaintiffs' decedent and, thus, the consequences of the negligent act which resulted in his exposure to hazard. This Court (Dowling v Consolidated Carriers Corp., supra, at 677), the Appellate Division, Fourth Department (McMorrow v Trimper, supra), and the Ohio Court of Appeals (Reiselman v Dodd, supra) are all in agreement that whether proximate cause exists between an injury on a highway shoulder and the negligence that precipitated the chain of events resulting in the injury is a question which should be addressed by the trier of fact.

Accordingly, the order of the Supreme Court, New York County (Edward H. Lehner, J.), entered October 23, 1992, which granted the motion by defendant Manhattan Ford Lincoln Mercury, Inc. for summary judgment dismissing the complaint, should be reversed, on the law, and the motion denied, without costs.

ELLERIN, J. P., ROSS and NARDELLI, JJ., concur.

Order, Supreme Court, New York County, entered October 23, 1992, which granted defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.