■ BARRY LATIMER, Respondent, v CITY OF NEW YORK, Defendant, and KESTEN PLUMBING AND HEATING, INC., et al., Appellants. [631 NYS2d 395] —In an action to recover damages for personal injuries, the defendants Kesten Plumbing & Heating, Inc., and Herbert S. Kesten appeal from an order of the Supreme Court, Queens County (Price, J.), dated December 21, 1994, which denied their motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The appellants are entitled to judgment as a matter of law. The appellants established that the plaintiff's car left its lane of travel, crossed the median into the opposite lanes, and struck the appellants' vehicle under circumstances precluding any possible negligence by the appellants *(see, Moller v Lieber,* 156 AD2d 434; *Tenenbaum v Martin,* 131 AD2d 660). Therefore, on

the merits, the court should have granted the motion. While a trial court possesses great discretion in the management of its own calendar and has appropriate sanctions at its disposal, it was an improvident exercise of the court's discretion to refuse to entertain the appellants' motion solely because it was not made within the time constraints imposed by the court's preliminary conference order *(see,* CPLR 3212 [a]; *Goldheart Intl. v Vulcan Constr. Corp.,* 124 AD2d 507). Furthermore, the mere fact that a summary judgment motion is made on the eve of trial is not in and of itself sufficient reason for denying the motion, especially in a case such as this where the motion is so clearly meritorious *(see, Kule Resources v Reliance Group,* 49 NY2d 587; *Carvel Corp. v Burstein,* 99 AD2d 935, *affd* 62 NY2d 638). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.