BETTY GRANISON et al., Respondents, v BUILDERS SQUARE, INC., Appellant. [697 NYS2d 800] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint in this negligence action. Defendant furnished store

patrons with a chair in which to sit while viewing carpet and window blind samples. As Betty Granison (plaintiff) attempted to sit on the chair, which was equipped with roller wheels, her leg struck its footrest, causing the chair to roll away from her. As a result, she lost her balance and fell.

Defendant owed plaintiff a duty to keep its premises in a reasonably safe condition (*see, Macey v Truman*, 70 NY2d 918, 919, *mot to amend remittitur granted* 71 NY2d 949; *Basso v. Miller*, 40 NY2d 233). Defendant met its initial burden of establishing that neither the chair nor the manner of its placement amounted to a dangerous or defective condition, and plaintiffs failed to raise an issue of fact. Contrary to plaintiffs' contention, defendant had no duty to lock or otherwise fix the wheels of the chair to prevent it from moving; mobility is the very function of the wheels. There is no evidence in the record that the chair "constituted a hidden danger to plaintiff so as to require defendant[ ] to give her special notice or warning with respect to said object * * * Furthermore, there is no duty to warn against a condition that can be readily observed by the use of one's senses" (*Brown v New York Med. Coll.*, 162 AD2d 139, 139-140; *see, Binensztok v Marshall Stores*, 228 AD2d 534; *Christmann v Murphy*, 226 AD2d 1069, 1070, *lv denied* 89 NY2d 801; *Zaffiris v O'Loughlin*, 184 AD2d 696). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.