■ JAMES MARAVALLI et al., Appellants, v HOME DEPOT U.S.A., INC., Respondent. [698 NYS2d 708] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), entered June 16, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs brought this action to recover damages for personal injuries allegedly sustained by James Maravalli when he fell over a sink vanity lying in the aisle of the defendant's store. The defendant, as one holding its property open to the public, had "a general duty to maintain it in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries" (*Thornhill v Toys "R" Us NYTEX,* 183 AD2d 1071, 1072). However, "it is well settled that '[t]here is no duty on the part of a landowner to warn against a condition that can readily be observed by those employing the reasonable use of their senses' " (*Ackermann v Town of Fishkill,* 201 AD2d 441, 443, quoting *Tarricone v State of New York,* 175 AD2d 308, 309; *see, Rowell v Town of Hempstead,* 186 AD2d 553).

The presence of the sink vanity on the floor of the aisle in the instant case was not an inherently dangerous condition. Furthermore, since the sink vanity's location was readily observable, the defendant had no duty to warn the plaintiff of the condition (*see, Binensztok v Marshall Stores,* 228 AD2d 534; *Pilato v Diamond,* 209 AD2d 393; *Brown v New York Med. Coll.,* 162 AD2d 139). Therefore, the court properly granted the defendant's motion for summary judgment (*see, Pilato v Diamond, supra; Brown v New York Med. Coll., supra*).

The court properly exercised its discretion in entertaining the defendant's motion for summary judgment even though the motion was not made within the time constraints imposed by the court's preliminary conference order (*see,* CPLR 3212 [a]; *Goldheart Intl. v Vulcan Constr. Corp.,* 124 AD2d 507). Furthermore, the mere fact that a summary judgment motion is made on the eve of trial is not in and of itself sufficient reason for denying the motion, especially in a case such as this where the motion is so clearly meritorious (*see, Latimer v City of New York,* 219 AD2d 622; *Kule Resources v Reliance Group,*

49 NY2d 587; *Carvel Corp. v Burstein*, 99 AD2d 935, *affd* 62 NY2d 638).

The plaintiffs' remaining contention is without merit. Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.