■ ANITA GOLDBLATT et al., Appellants, v FAIRWAY SUPERMARKET, Respondent. [701 NYS2d 45] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 9, 1998, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law and the facts, without costs, the motion denied and the complaint reinstated.

Plaintiff Anita Goldblatt alleged that she slipped and fell in the vicinity of a coffee bar in defendant's supermarket. At her deposition, she testified that she was a frequent customer; and

routinely noticed food and paper waste on the floor, which also were present when she fell, and puddles of moisture from coffee and water spills from tea near the coffee urns. This evidence satisfies plaintiff's obligation to submit sufficient facts to establish actual or constructive notice of the defective condition (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *compare, Fasolino v Charming Stores*, 77 NY2d 847 [notice not provided merely by the fall itself]) in order to present a trial issue on liability. Defendant's evidence tending to establish routine cleaning of the subject location, and, possibly, cleaning shortly before the incident, merely presents a factual dispute for resolution at trial. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Buckley, JJ.