(May 28, 2002)

■ CAJ H. PINERO, Appellant, v RITE AID OF NEW YORK, INC., Respondent. [743 NYS2d 21] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered April 4, 2000, which granted defendant's motion for summary judgment, dismissing the complaint, affirmed, without costs.

The facts are fairly straightforward. While shopping in defendant's store, plaintiff wanted to get several boxes of macaroni and cheese, but found the aisle where they were located completely blocked by a metal wagon on wheels filled with merchandise that was being stacked on the shelves by an assistant manager named "Chris." At plaintiff's request, Chris retrieved three boxes of macaroni, which he grasped in one hand, and attempted to pass them to plaintiff across the top of the wagon. Before he could deliver the boxes into plaintiff's hands, he lost his grip and the boxes fell. Plaintiff alleges that she tried to grab the boxes while they were falling "in order to stop them from striking" her, that her knee then struck the wheeled wagon, causing it to move and plaintiff to lose her balance and fall, striking her head on some shelving and thereby sustaining her injuries.

The IAS court granted defendant's motion for summary judgment, holding that there was no duty owed to plaintiff since the wagon was in plain view and there was no hazardous condi-

tion presenting a foreseeable danger. The court further found that "[t]aking the record as a whole, the isolated action of the assistant manager in dropping the macaroni boxes is an insufficient basis for a negligence claim as a matter of law." We agree.

To establish a claim in negligence, plaintiff must show that the defendant owed her a duty to protect her from injury; a duty that only arises when the risk of harm is reasonably foreseeable (*see, Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344). Foreseeability of risk is an essential element of a negligence cause of action because a person can only be "negligent" when the event giving rise to the injury could have been reasonably anticipated—and thus avoided with the exercise of appropriate care (*see, Di Ponzio v Riordan*, 89 NY2d 578, 583). Thus, the risk of injury as a result of defendant's conduct must not be merely possible, it must be natural or probable. As the Court of Appeals has instructed, "although virtually every untoward consequence can theoretically be foreseen 'with the wisdom born of the event' * * *, the law draws a line between remote possibilities and those that are reasonably foreseeable because '[n]o person can be expected to guard against harm from events which are * * * so unlikely to occur that the risk * * * would commonly be disregarded.' " (*Di Ponzio*, 89 NY2d at 583, quoting *Greene v Sibley, Lindsay & Curr Co.*, 257 NY 190, 192 and Prosser and Keeton, Torts § 31, at 170 [5th ed].) Questions of foreseeability are for the court to determine as a matter of law when there is only a single inference that can be drawn from the undisputed facts (*Pepic v Joco Realty*, 216 AD2d 95).

While property owners and business proprietors have a duty to maintain their premises in reasonably safe condition (*Di Ponzio v Riordan*, 89 NY2d 578, 582; *Basso v Miller*, 40 NY2d 233), which duty includes eliminating, protecting against, or warning of dangerous, defective, or otherwise hazardous conditions, there is no duty to protect or warn against conditions that are in plain view, open, obvious, and readily observable by those "employing the reasonable use of their senses." (*Tarricone v State of New York*, 175 AD2d 308, 309, *lv denied* 78 NY2d 862; *see also, Poerio v State of New York*, 144 AD2d 129, 131.) In those circumstances, the condition is a warning in itself (*Tarricone*, 175 AD2d at 309).

Although the complaint alleged that, on the day of the accident, "there existed a dangerous, defective, encumbered, obstructed, hazardous, traplike and unsafe condition" in the store, in opposing defendant's motion for summary judgment, plaintiff acknowledged that the wagon in the aisle was in plain

view, open and obvious, and, on appeal, plaintiff specifically disavows that her claim is based on the existence of an unsafe condition, contending, instead, that it was the negligent actions of the assistant manager that caused her injuries.

Under the circumstances of this case, we regard the risk of danger in the assistant manager's act of passing the macaroni boxes over the half-filled wagon as minimal and unforeseeable as a matter of law. The two cases relied on by plaintiff do not support a contrary decision. *Coyle v Staples, Inc.* (268 AD2d 500, *lv denied* 95 NY2d 751) involved a plaintiff who was injured when a box fell from a shelf and hit her on the head. Similarly, the plaintiff in *Bachand v Daniel Reeves, Inc.* (279 NY 179) was injured by a box that fell on her foot. Plaintiff here was not injured by boxes falling on her, but, rather, as was the case with Mrs. Palsgraf, by a sequence of events that could not reasonably have been foreseen or protected against.

The dissent agrees that the wagon in the aisle was "readily observable and did not, in and of itself, present a foreseeable danger to a customer who was aware of its presence" and that the assistant manager's act of handing grocery items to plaintiff would not constitute a hazard. Nonetheless, the dissent argues that the actions of defendant's employee in dropping the boxes of macaroni while attempting to hand them across the wagon to plaintiff distracted plaintiff from the open and obvious hazard and "lured her into close proximity to it." As an initial matter, plaintiff made no claim nor offered any evidence that she was distracted from the presence of the wagon. Indeed, it is hard to imagine how she could have been so distracted since the wagon was but six inches in front of her and she bumped into it while in the process of trying to catch the boxes. Moreover, the dissent does not explain why the obvious wagon was even a hazard.

The dissent appears to believe that the confluence of the presence of the obvious wagon and the employee's dropping of the boxes—neither of which, the dissent agrees, provides a basis for liability standing alone—combined with the fact that plaintiff was injured provide a sufficient basis to submit the case to the jury. In our view, this reasoning presents the kind of "wisdom born of the event" that the Court of Appeals warned against in *Di Ponzio* and *Greene*. Were this the case, every injury would constitute proof of its own foreseeability.

*Michalski v Home Depot, Inc.* (225 F3d 113 [2d Cir 2000]), cited by the dissent, presents an interesting theory of negligence liability, but one that we do not view as applicable to the present case. Unlike the pallet that tripped the plaintiff in

*Michalski*, the wagon in this case did not cause plaintiff's injuries. Moreover, in *Michalski*, Home Depot had arranged its warehouse-store premises in such a way as to make it foreseeable that a customer, looking up at merchandise on high shelves, could become distracted from obstacles on the floor. Here, defendant did not have any reason to know or expect that plaintiff might be distracted from observing the presence of the so-called hazardous wagon.

Other cases cited by the dissent to support its view are inapposite. In *Betancourt v Manhattan Ford Lincoln Mercury* (195 AD2d 246, *appeal dismissed* 84 NY2d 932), the defendant car-rental company breached its duty to provide the plaintiffs with a vehicle in safe condition and good working order. By doing so, defendant subjected itself to liability for whatever harm might arise from the reasonably foreseeable risk that the defective car might present, including the assuredly foreseeable risk that the car might break down on a highway and that plaintiffs would then be subjected to the perils of highway traffic. The fact that the precise *harm* to plaintiffs may have been brought about in an unexpected way did not make the *risk* from defendant's breach of duty any less foreseeable (*see Di Ponzio*, 89 NY2d at 583-584). Here, the question is whether defendant breached any duty to plaintiff, which we have determined it did not because none of the circumstances presented, alone or together, created a foreseeable risk of harm to plaintiff (*cf. Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950 [failure of rental-car company to provide plaintiff with a car whose trunk lid did not pop open was not a proximate cause of plaintiff's injuries sustained when he was hit by another vehicle as he was attempting to close the lid while the car was parked along the curb of a city street]). *Orellana v Merola Assoc.* (287 AD2d 412) raised a question of whether the allegedly hazardous condition was open and obvious, an issue that is conceded here. In *Tuttle v Anne LeConey, Inc.* (258 AD2d 334), the defendant's direction to plaintiff to use a chair on wheels to reach items on a high shelf presented the question of whether defendant unreasonably subjected plaintiff to a patently unsafe condition, a question that is not presented here. Concur—Williams, P.J., Buckley and Rosenberger, JJ.

Mazzarelli and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: When plaintiff attempted to get several boxes of macaroni and cheese from a shelf in defendant's drug store, she found access to the aisle completely blocked by a metal wagon, which was stacked with boxes containing merchandise to be placed on the shelves. At plaintiff's request,

an assistant manager attempted to hand her the products by reaching over the merchandise on the wagon. However, the employee could not hold onto the three boxes he held in one hand and dropped the items before plaintiff could grasp them. In reaching forward to catch the goods, plaintiff's knee struck the wagon—or a box stacked on the wagon—causing it to move forward and causing plaintiff to lose her balance. She stumbled into some shelving, sustaining injuries.

In her affidavit in opposition to defendant's motion to dismiss, plaintiff stated that, as the boxes began to fall, "my automatic reaction was to try and grab them while they were falling in order to stop them from striking me." The affidavit of a witness states that plaintiff "attempted to grab them with her hand, and stop them from striking her, and, in so doing, she hit her knee on the cart (or on one of the boxes on the cart)."

There is no question that the cart obstructing the aisle was readily observable and did not, in and of itself, present a foreseeable danger to a customer who was aware of its presence (*see, Pepic v Joco Realty*, 216 AD2d 95, 96). While, ordinarily, the assistant manager's act of handing grocery items to plaintiff would not constitute a hazard, in and of itself, his attempt to hold three boxes in one hand, causing him to drop them in close proximity to the loaded wagon, precipitated the sequence of events culminating in plaintiff's injuries. That sequence of events is not so unusual as to render the injuries sufficiently remote from the asserted negligence to be unforeseeable as a matter of law (*Betancourt v Manhattan Ford Lincoln Mercury*, 195 AD2d 246, *appeal dismissed* 84 NY2d 932; *cf., Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952; *see, Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 345).

In *Betancourt (supra)*, we held that the defendant's negligence was the precipitating, though indirect, cause of the injuries sustained by plaintiffs' decedent. In that case, the defendants leased to the decedent and his wife an automobile known to have a leak in the cooling system. The engine lost coolant, and the decedent was obliged to pull over to the side of the road. When he left the vehicle in order to investigate why the engine would not start, he was struck and killed by the rear wheels of a tractor-trailer.

In *Betancourt (supra)*, the loss of coolant did not injure the decedent; the defendant's negligence in failing to repair the leak was merely the precipitating factor that caused the decedent to come into close proximity to a readily observable hazard—an active lane of traffic. Furthermore, while this Court

has held that a stationary object in plain view, without more, does not constitute a foreseeable hazard (*Pepic v Joco Realty*, *supra* at 96; *see also, Maravalli v Home Depot*, 266 AD2d 437; *Russell v Archer Bldg. Ctrs.*, 219 AD2d 772), we have also held that where an employee of the defendant is aware of the plaintiff's exposure to an unsafe condition, her own awareness of the readily apparent danger "does not negate [defendant's] duty to plaintiff but simply raises issues of fact as to her comparative fault" (*Tuttle v Anne LeConey, Inc.*, 258 AD2d 334, 335; *see also, Orellana v Merola Assoc.*, 287 AD2d 412).

In *Michalski v Home Depot, Inc.* (225 F3d 113), a customer tripped over a pallet (four feet wide, four feet long and four inches high) suspended on the forks of a forklift (8 to 10 feet tall and 5 or 6 feet wide). The customer conceded that she had observed the forklift and that she was stepping backwards when she fell over the pallet. The United States Court of Appeals for the Second Circuit (at 116-117) noted a split in authority among the Appellate Divisions with regard to observable hazards, and concluded, "Whether a hazardous condition exists on a landowner's property ' "depends on the peculiar facts and circumstances of each case" and is generally a question of fact for the jury.' *Trincere v. County of Suffolk*, 90 N.Y.2d 976, 977, 665 N.Y.S.2d 615, 688 N.E.2d 489 (1997) [quoting *Guerrieri v Summa*, 193 AD2d 647, 647]). The same is true with respect to whether a hazard is open and obvious" (*id.* at 121, citing *Thornhill v Toys "R" Us NYTEX*, 183 AD2d 1071). The court (at 115) imposed a duty of care on the store owner towards its customers, even those fully aware of a hazard, where the owner "had reason to know that its customers might not expect, or be distracted from observing, the hazard."

In the case at bar, defendant's employee was not only aware that plaintiff was distracted from observing the hazard, his conduct lured her into close proximity to it. Furthermore, the employee could have readily avoided any danger to the customer by merely walking around the cart to hand her the merchandise or, at least, by passing her only one box at a time. Instead, he attempted to hand her all three boxes at once, losing his grip and dropping them in the process, causing plaintiff's attention to be further distracted from the hazard by her attempt to catch, or block, the falling items.

These circumstances present a question of causation involving the comparative negligence of defendant's employee and plaintiff that should be resolved by the trier of fact (CPLR 1411; *see, Mohammed v City of New York*, 205 AD2d 415) and,

accordingly, the order should be reversed and the complaint reinstated.