*3 OPINION OF THE COURT
Memorandum.
Appeal from order unanimously dismissed.
Judgment unanimously reversed without costs and a new trial ordered.
In our view, defendant was sufficiently apprised that the plaintiff was basing its theory of liability on a claim of actual notice of the condition of the aisle where plaintiff fell. The court properly denied the defendant’s motion at the outset of the trial to preclude plaintiff from claiming that defendant had actual notice. The issue of actual notice had emerged in an affidavit submitted by plaintiffs son-in-law in opposition to defendant’s prior motion for summary judgment. He stated that one-half hour before his father-in-law fell, he noticed papers, boxes and debris in the subject aisle and that there were store personnel in this area (Weisberg v My Mill Holding Corp., 205 AD2d 756 [1994]).
However, the court should not have excluded the hourly walk around reports of defendant done in the ordinary course of business which stated that the floor of the warehouse was clean. These reports were relevant because they might have affected the jury’s determination of the credibility of the plaintiffs witness who claimed that defendant had actual notice of the debris on the floor. Defendant’s evidence tending to establish routine cleaning of the subject location and, possibly, cleaning shortly before the incident, presents a factual dispute for resolution by the trier of facts (see Goldblatt v Fairway Supermarket, 268 AD2d 248 [2000]).
The action should not have been dismissed on the ground that the condition was open and obvious. Proof that a dangerous condition is open and obvious no longer precludes a finding of liability against a landowner, it is merely relevant to the issue of plaintiffs comparative negligence (Cupo v Karfunkel, 1 AD3d 48, 51-53 [2003]). While we recognize that a court is not precluded from granting summary judgment to a landowner on the ground that the condition complained of by plaintiff was both open and obvious and, as a matter of law, not inherently dangerous (Cupo, 1 AD3d 48, 52 [2003], citing Maravalli v Home Depot U.S.A., 266 AD2d 437 [1999]), the instant case is factually distinguishable from Maravalli (supra). The Court therein stated that the condition which caused the accident could not fairly be attributed to any negligent maintenance of the prop *4 erty. In the case at bar, the plaintiffs son-in-law testified that defendant’s employees were cutting the tops of boxes and putting them on the floor. He stated that there were papers, debris and boxes on the floor. Unlike the situation in Maravalli (supra), if plaintiffs son-in-law’s testimony is believed, the conditions which caused the accident herein can be fairly attributed to the negligent maintenance of the property.
We note in passing that the court should have granted defendant’s request for a two-day continuance of the damage portion of the trial so that the doctor who examined plaintiff on defendant’s behalf could testify.
The appeal from the intermediate order is dismissed because any right of direct appeal therefrom terminated with the entry of judgment (see Matter of Aho, 39 NY2d 241 [1976]).
Aronin, J.E, Patterson and Golia, JJ., concur.