■ In the Matter of MARILYN DANIELS, Petitioner, v YVONNE LEWIS et al., Respondent. [944 NYS2d 239]—

Proceeding pursuant to CPLR article 78, in effect, (a) in the nature of prohibition to prohibit the respondent Yvonne Lewis, a Justice of the Supreme Court, Kings County, from enforcing an order dated December 22, 2011, and entered in an underlying civil action entitled *Daniels v City of New York*, commenced in the Supreme Court, Kings County, under index No. 16117/09, and (b) in the nature of mandamus to compel the respondent Yvonne Lewis to recuse herself from further presiding over the underlying civil action and to compel the respondents NYC Board of Education, Marta Valle Secondary School, Melissa Leo, and Jane Godlewski to comply with certain discovery demands made by the petitioner in the underlying civil action. Motion by the respondents NYC Board of Education, Marta Valle Secondary School, Melissa Leo, and Jane Godlewski pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition insofar as asserted against them for failure to state a cause of action.

Ordered that the motion of the respondents NYC Board of Education, Marta Valle Secondary School, Melissa Leo, and Jane Godlewski pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition insofar as asserted against them for failure to state a cause of action is granted; and it is further,

Adjudged that the petition is denied on the merits insofar as asserted against the respondents Yvonne Lewis and Sylvia Hinds-Radix; and it is further,

Adjudged that the proceeding is dismissed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352 [1986]). In addition, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). The petitioner failed to state a cause of action for relief in the nature of prohibition or mandamus against the respondents NYC Board of Education, Marta Valle Secondary School, Melissa Leo, and Jane Godlewski. Accordingly, the motion of these respondents pursuant to CPLR 3211 (a) (7) and 7804 (f) to dismiss the petition insofar as asserted against them for failure to state a cause of action must be granted.

The relief sought by the petitioner challenges the exercise of judicial discretion by Supreme Court Justice Yvonne Lewis in an underlying civil action with respect to the management of the Supreme Court's calendar (*see generally Latimer v City of New York*, 219 AD2d 622, 622 [1995]), the resolution of discovery disputes (*see Rodriguez v Metropolitan Cable Communications*, 79 AD3d 841, 842 [2010]), and the denial of a request to recuse herself from presiding over the action (*see* Judiciary Law § 14). At this stage of the underlying action, these issues may be brought up for review in this Court only on a direct appeal from the relevant order entered in the action. Moreover, on such an appeal, this Court is limited to reviewing the challenged determinations made by Justice Lewis only to ascertain whether she improvidently exercised that discretion (*see Hayden v Gordon*, 91 AD3d 819, 822 [2012]; *Rodriguez v Metropolitan Cable Communications*, 79 AD3d at 842; *Latimer v City of New York*, 219 AD2d at 623). Consequently, the petitioner failed to demonstrate a clear legal right to the relief sought in this proceeding and, thus, the petition must be denied on the merits insofar as asserted against the respondents Yvonne Lewis and Sylvia Hinds-Radix, the Administrative Judge for Civil Matters, Second Judicial District. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.