Regan v W Assoc., LLC (2022 NY Slip Op 07308)

Regan v W Assoc., LLC

2022 NY Slip Op 07308

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 156863/14 Appeal No. 16972 Case No. 2021-03046 

[*1]Alison Regan, Plaintiff-Appellant,
v
W Associates, LLC, et al., Defendants-Respondents.

Law Office of Ephrem J. Wertenteil, New York (Ephrem J. Wertenteil of counsel), for appellant.
Dorf & Nelson, LLP, Rye (Stephanie K. McDougall of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered February 3, 2021, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action for personal injuries she sustained when she fell off the roof of a bulkhead structure located above the rooftop deck of her apartment building. Defendants were entitled to summary judgment, as plaintiff's accident was not foreseeable (see Pinero v Rite Aid of N.Y., 294 AD2d 251, 252 [1st Dept 2002], affd 99 NY2d 541 [2002]; see also Wright v Frawley Plaza Houses, Inc., 107 AD3d 449 [1st Dept 2013]; Rhodes v East 81st, LLC, 81 AD3d 453, 453-454 [1st Dept 2011]). Based 0n the deposition testimony, plaintiff maneuvered around a planter containing a fir tree, climbed up a 13-rung ladder affixed to an elevator machine room on the rooftop deck, jumped about two feet down onto the roof of the bulkhead structure, walked backwards on the roof while taking photographs while it was dark, and then tripped on the edge of the bulkhead roof, and fell to the rooftop deck below. Defendants did not have a duty to warn against the condition of the bulkhead structure roof, as the record establishes that the condition was open, obvious, and readily observable to someone employing the reasonable use of their senses (see Pinero v Rite Aid of N.Y., 294 AD2d at 252). The record also establishes that the sole proximate cause of plaintiff's accident was her own reckless conduct (see Olsen v Town of Richfield, 81 NY2d 1024, 1026 [1993]; Hartnett v Chanel, Inc., 97 AD3d 416, 420 [1st Dept 2012] lv denied 19 NY3d 814 [2012]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022