Kies v Nichols (2025 NY Slip Op 02438)

Kies v Nichols

2025 NY Slip Op 02438

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, DELCONTE, AND KEANE, JJ.

68 CA 24-00523

[*1]MICHELLE KIES, PLAINTIFF-APPELLANT,
v
DENNIS NICHOLS, DEFENDANT-RESPONDENT. 

WELCH, DONLON & CZARPLES, PLLC, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFF-APPELLANT.
THE LAW OFFICES OF JOHN TROP, TARRYTOWN (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Steuben County (Jason L. Cook, J.), entered March 12, 2024. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained while a guest at defendant's home. Plaintiff and defendant were sharing a seat that defendant had placed on the grass near his outdoor fire pit. The seat was one that defendant had removed from a vehicle, in which it was fastened to the floor. Plaintiff was injured when defendant stood up and the seat fell backward. Plaintiff alleged that the seat was inherently dangerous for use as lawn furniture, that defendant failed to warn plaintiff of the unstable nature of the seat, and that defendant negligently caused plaintiff's injury by rising abruptly and unbalancing the unstable seat. Defendant moved for summary judgment dismissing the complaint on the ground that he had no duty to warn plaintiff about the seat because any danger was open and obvious. Supreme Court granted the motion, concluding that plaintiff conceded during discovery that she was aware that the bench was originally part of a van and was not designed to be lawn furniture and further concluding that, inasmuch as plaintiff had visited the property previously and used the seat without incident, the danger the seat presented was open and obvious. Plaintiff appeals.
We agree with plaintiff that the court erred in granting that part of the motion seeking dismissal of the complaint insofar as it alleged that defendant failed to warn plaintiff of the unstable nature of the seat. For a court "[t]o grant summary judgment, it must clearly appear that no material and triable issue of fact is presented" (Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]; see Matter of New York City Asbestos Litig., 33 NY3d 20, 25 [2019]). "Summary judgment should not be granted where there is any doubt as to the existence of a factual issue or where the existence of a factual issue is arguable" (Forrest v Jewish Guild for the Blind, 3 NY3d 295, 315 [2004]). On a motion for summary judgment, "facts must be viewed 'in the light most favorable to the non-moving party' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), and the proponent of the motion "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
We agree with plaintiff that the court erred in determining that defendant established that plaintiff was aware that the seat was taken from a vehicle. Plaintiff's deposition testimony on that point was ambiguous, and the court erred in holding otherwise inasmuch as "[i]t is not the function of a court deciding a summary judgment motion to make . . . findings of fact" (Vega, 18 NY3d at 505; see Brown v Askew, 202 AD3d 1501, 1503 [4th Dept 2022]; see also Cosme v City [*2]of New York, 20 AD3d 320, 322 [1st Dept 2005]). Moreover, even if plaintiff was aware that the seat came from a vehicle, nothing in defendant's submissions suggests that the unstable nature of the seat's design was apparent or that plaintiff was aware that the seat was intended to be fastened to a vehicle floor (cf. Granison v Builders Sq., 266 AD2d 922, 922-923 [4th Dept 1999]; Brown v New York Med. Coll. for Comprehensive Health Practice, 162 AD2d 139, 139-140 [1st Dept 1990]). "[W]hether a condition is open and obvious 'cannot be divorced from the surrounding circumstances,' and a condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured" (Barone v Risi, 128 AD3d 874, 875 [2d Dept 2015]; see generally Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71-72 [1st Dept 2004]). Here, inasmuch as the seat was placed on grass, which partially obscured the base, and inasmuch as defendant affirmatively offered the seat for use as lawn furniture, we conclude that defendant failed to establish that the nature of the seat was open and obvious to plaintiff. Because defendant failed to meet his initial burden on the motion, the burden never shifted to plaintiff, and denial of that part of the motion "was required 'regardless of the sufficiency of the opposing papers' " (Scruton v Acro-Fab Ltd., 144 AD3d 1502, 1503 [4th Dept 2016], quoting Alvarez, 68 NY2d at 324).
Further, we agree with plaintiff that the court erred in granting those parts of the motion with respect to plaintiff's claims that the seat was inherently dangerous for use as lawn furniture and that defendant negligently caused plaintiff's injury by rising abruptly and unbalancing the unstable seat (see generally D'Amico v Christie, 71 NY2d 76, 85 [1987]; Finocchio v Crest Hollow Club at Woodbury, Inc., 184 AD2d 491, 492 [2d Dept 1992]). Although defendant's motion purported to seek summary judgment dismissing the complaint in its entirety, his moving papers did not address those claims, and defendant thus failed to establish that he was entitled to summary judgment with respect to them (see Woodward v Ciamaricone, 175 AD3d 942, 944-945 [4th Dept 2019]; Jones v Marshall, 147 AD3d 1279, 1283 [3d Dept 2017]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court